Wash, J.,
delivered the opinion of the Court.
This is an action brought by Tap]ey against Labeauine’s executor, for the breach of an express covenant of seizin. The covenant is contained in deed of conveyance for two hundred arpents of land, executed by the defendant and her testator, Louis Laheaume, to the said Tapley, and is set forth in the declaration in the following words: “ That the said Louis Laheaume, and his said wife, were then lawfully seized of the said two hundred arpents of land; and that said lands were then free and clear from all right and title of dower, and of all incumbrances whatever-. The breach assigned' in the declaration is, that the said Louis Laheaume, and his wife,, were not lawfully seized of the said two hundred arpents of land, Sec. The defendant pleaded, “ that the said Louis Laheaume, and his said wife, were lawfully seized of the said two hundred arpents of land, in the said declaration mentioned, at and before the execution and delivery of said deed in the said- declaration alledged,,r &c. The cause was submitted to the Circuit Court without the intervention of a jury, and judgment was rendered for the plaintiff, and damages assessed by the Judge: *393 acting as a jury, for the amount of the purchase money with interest. To reverse which judgment, this appeal is now prosecuted. The bill of exceptions sets forth, that, in order to maintain the plea aforesaid, the said defendant gave in evidence: Eirst, a grant, or concession, for eight hundred arpents of land, made by Lieut. Gov. Charles Dehault Delassus to one Charles Minville, on the 8th of Dec., 1799; Second, a conveyance, dated Dec. 9th, 1803, from said Minville to said Louis Labeaume, for six hundred arpents of the said grant, or concession ; Third, a conveyance, dated Dec. 20th, 1811,. from said Minville to said Louis Labeaume, for the remainder of the said tract of eight hundred arpents; Fourth, the deed of conveyance declared on. And the said defendant,, in support of his plea aforesaid, further proved, that the tract of eight hundred arpents, aforesaid, was located and surveyed by one Jame» Rankin, deputy Surveyor, and an officer of the then existing government, on the 4th day of January, 1804, and that said survey was duly certified and recorded on the 5th of March, 1806, and that the land in the plaintiff’s declaration mentioned, was part of the eight hundred arpents granted and conveyed as aforesaid. It was furthermore admitted by and between the parties aforesaid, that notice of the claim was duly filed in the proper office for confirmation, puisuant to the act of Congress of the 2d- of March, 1805, and'that it was rejected by the Board of Commissioners for the adjustment of land titles. Upon these facts, as proved and admitted, the Court below gave judgment for the plaintiff, and this Court can feel no hesitation in affirming that judgment. On behalf of the appellant, it has been argued, that the covenant should be construed by the Court as the parties understood it, and that it is manifest, that the grantor did not intend to covenant that they were seized in the legal and statutory extent of that term. The rule insisted on for construing the covenant, is certainly a correct one, but this Court cannot perceive how an intention to limit.or restrain the covenant has been manifested'. There is no evidence to show that they meant a mere seizin in part, or a seizin in law of a qualified estate. The terms used, and the consideration given, from which alone the Court is left to infer their intention, import clearly that they were seized of an estate in fee simple, which from the defendant’s own showing, it is equally clear they had not. The law is not fully settled, as to what shall be the true measure of damages in this and such like cases. In different States different criteria have been adopted, but the number and weight of authority is decidedly in favor of that taken by the- Circuit Court in this cause. The view we take of the subject, renders it unnecessary to review the judgment of the Court below in refusing to receive or adopt the instructions prayed for by the defendant’s counsel. Where there is no title, the covenant of seizin is broken the instant it is made. At that instan# the injury is done to the grantee in depriving him of his money without a consideration, or the equivalent contended'for. To redress himself, he may be and often is put to the trouble and hardship of'prosecuting his suit, as in the cause und’er consideration. And! it may be that the grantor, m his turn, may find himself under the necessity of filing his bill to have the conveyance cancelled. Should" it be so, it will not be for him to complain of the remote consequences of his own wrong.
Let the judgment of the Circuit Court be affirmed, with costs, and ten per cent, damages.