RICHARD MURPHY, Defendant in Error, *v.* CAROLINE V. PRICE *et al.*, EXECUTORS, Plaintiffs in Error.

1. *Conveyances — Covenants, when merely personal.*—Although a deed on its face purports to be made by A., B. and C., "trustees," yet if the covenants of grant, bargain and sale and those of warranty are therein averred to be simply by "the parties of the first part," without further description, the covenants will be held to be merely personal.

2. *Conveyances — Covenants for seizin and quiet enjoyment, how broken.*—The covenants of indefeasible seizin contained in the words "grant, bargain and sell" would be nominally broken in all cases where there was a paramount title, even though the grantee took possession. But where the holder of such title is in possession so as to exclude the grantee, the latter is entitled to full damages, *i. e.* the purchase money and interest. So with covenant of warranty.

When, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment will be held to be broken without any other act on the part of the grantee or the claimant.

In such cases it is not necessary, in order to recover on those covenants, to prove actual eviction.

### *Error to Cole Circuit Court.*

This was a suit to recover damages for breach of warranty in a sale of real estate. The petition alleged, among other things, that plaintiff paid defendant for the land $400, but that plaintiff had at no time any title to or possession of the same, for the reason that defendant at no time had any title thereto, since at the time of such conveyance the same was owned by the trustees of the Methodist Episcopal Church of St. Louis.

Plaintiff on the trial offered in evidence, together with other proofs, a deed to the plaintiff of the property in controversy, executed by Thomas Williams, attorney in fact for Thomas L. Price, Alexander Lee, Joseph Brooks and James B. Gardenhire, trustees of the University of Missouri at Jefferson City, the said parties covenanting to warrant and defend the premises to plaintiff.

Plaintiff also proved that one Morrow owned and had possession of the tract of land on which the lot mentioned in the deed was situated, that Price never owned it or had possession, and that plaintiff never got possession under his deed.

*G. T. White*, for plaintiffs in error.

The motion in arrest should have prevailed, if for no other reason, because the petition alleges the buying of the lot of the trustees of the university, and then avers that plaintiff never got possession of the lot, and assigns for the reason of his not getting possession that Price at no time ever had title. It is not pretended that Price was the corporation, or that the lot was bought of him.

*Lay & Belch*, for defendant in error.

I. The covenants contained in the deed are in fact personal ones, but even if the parties had covenanted as trustees, they are still personally liable. (Mitchell v. Hadyen, 4 Conn. 495; Belden v. Seymour, 8 Conn. 19; Sumner, Adm'r, v. Williams, 8 Mass. 162; Donahoe v. Emery, 9 Metc. 63; Duvall v. Craig

*et al.*, 2 Wheat. 45 ; Rawle on Cov. 570–2 ; Magwire v. Riggin, 44 Mo. 512 ; 23 Mo. 151.)

II. It is not necessary that the plaintiff should show eviction before he can claim compensation for damages. If the conveyance made to him was void, or there was a paramount title and possession in another, he is not compelled to attempt an unlawful entry or to suffer eviction or ejectment. His inability to obtain possession by reason of paramount title in another, in fact amounts to an eviction. (Rawle on Cov. 251–5 ; Drew v. Towle, 10 Foster, 531.)

BLISS, Judge, delivered the opinion of the court.

This is an action upon the covenants of a deed of conveyance executed by defendants to plaintiff, and the record presents several questions for our consideration.

1. Upon breach of covenants, are the defendants personally liable? The deed is an indenture "made and entered into between Thomas L. Price, Alexander Lee, Thomas Williams, Jos. Brooks and James B. Gardenhire, trustees of the University of Missouri, at Jefferson City, of the first part, and Richard Murphy, etc., of the second part," and " witnesseth, that the said parties of the first part, for and in consideration," etc., " have granted, bargained and sold, and by these presents do grant, bargain and sell, unto the said party of the second part," etc. ; and further, that " the said parties of the first part, for themselves, their heirs, executors and administrators, covenant to warrant and forever defend," etc.

These covenants, both the statutory ones embraced in the words " grant, bargain and sell " and that of warranty, are merely personal. The grantors describe themselves as trustees, but they do not grant as trustees or warrant as trustees, nor do they describe the corporation as granting or warranting. The whole is so clearly personal that it becomes unnecessary to consider whether they had authority to bind the corporation ; for if they had not, although the words of the instrument show that the trustees did not covenant for themselves, they would be personally liable as having exceeded their authority. (Sumner v. Wil-

liams, 8 Mass. 162 ; Mitchell v. Hazen, 4 Conn. 495; Belden v. Seymour, 8 Conn. 19; Duvall v. Craig, 2 Wheat. 45; Donahoe v. Emery, 9 Metc. 63.) Nor are we advised whether the University of Missouri was in fact a corporation. So far as appears, it might have been unincorporated—a mere voluntary association of the persons named as trustees, so that they represented only themselves.

2. The grantee has never been actually evicted, and hence it is claimed that the covenants have not been broken. But the record shows that the grantors were not in possession, and did not and could not give possession to the grantee. Thus were the covenants all broken. The covenant of indefeasible seizin embraced in the statutory words " grant, bargain and sell" would be nominally broken in all cases where there was paramount title, even though the grantee took possession. But where the holder of such title is in possession so as to exclude the grantee, he is entitled to full damages, i. e. the purchase money and interest. And so with the covenant of warranty. Though eviction either actual or constructive, by being obliged to purchase in the paramount title, is held to be necessary where the grantee is put in possession, yet " when, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or warranty will be held to be broken without any other act on the part of the grantee or the claimant, for the latter can do no more toward the assertion of his title; and, as to the former, the law will compel no one to commit a trespass in order to establish a lawful right in another action." (Rawle on Cov., 3d ed., 255.)

3. The petition charged generally that defendant executed the deed, while the evidence shows that it was executed through an attorney in fact, who was duly authorized by power of attorney. This is no variance, as is claimed. Pleadings should not set out the evidence, and it is equally the execution of decedent whether done personally or by attorney.

Some other points were made which we do not think it necessary to consider, and the other judges concurring, the judgment will be affirmed.