| 134 | 653 |
|-----|-----|
| 139 | 558 |

Evans, *Public Administrator, Appellant,* v. Fulton.

## Division Two, June 16, 1896.

1. **Appellate Practice:** MOTION: RECORD PROPER: BILL OF EXCEPTIONS.    A paper designated a "motion," filed in the trial court by an attorney claiming to represent the appellant, disclaiming any intention of taking an appeal and denying any authority by counsel to do so, is not a part of the record proper, and, when not preserved in the bill of exceptions, will not be considered on appeal.

2. **Practice:** ANSWER: AMENDMENT: COVENANT FOR SEIZIN, BREACH OF.    An answer in an action for a breach of covenant for seizin and for title may, in the discretion of the trial court, be amended so as to conform to the proof, and such discretion will not be disturbed on appeal, where it is not shown to have been abused.

3. ————: BREACH OF COVENANT OF SEIZIN: BURDEN OF PROOF: DAMAGES.    In an action for breach of a covenant for seizin, where the answer alleged seizin in the defendant at the time of making the deed, the burden is on him, in the first instance, to show that he was in fact so seized, and the absence of such proof amounts in law to a technical breach of the covenant, and entitles the plaintiff to nominal damages only; to entitle the plaintiff to substantial damages, he must show that defendant was not seized of an indefeasible title.

4. **Practice:** PLEADING: BREACH OF COVENANT OF SEIZIN.    In an action for breach of a covenant of seizin, the breach is well assigned by negativing the words of the covenant.

5. **Land:** CONVEYANCE: POSSESSION ADVERSE TO GRANTOR: DAMAGES.    Where land conveyed is, at the time of making the conveyance, held adversely to the grantor, and the purchaser is actually deprived of the whole subject of his bargain, the latter is, in the absence of express agreement as to the value of the land, entitled to recover its value at the time of the purchase with interest.

*Appeal from Platte Circuit Court.*—Hon. W. S.
Herndon, Judge.

Reversed and remanded.

*L. T. Collier* for appellant.

(1) The court erred in overruling plaintiff's objections to the admission of evidence in support of the allegations made in defendant's amended answer relating to the alleged purchase, by Chestnut, of the Wyandotte property. Rawle on Covenants for Title [3 Ed.], p. 66. (2) Under the allegations and admissions of defendant's answer and the facts proved in this case, the court erred in refusing to give the declarations of law, from 1 to 4 inclusive, as offered by plaintiff. *Hall v. Bray*, 51 Mo. 288; *Cockrell v. Proctor*, 65 Mo. 41; *Bircher v. Watkins*, 13 Mo. 522. (3) Declaration of law number 5 should have been given, and the court erred in refusing the same and in awarding merely nominal instead of full damages, under the first count of the petition. *Byrnes v. Rich*, 5 Gray (Mass.), 518; *Staples v. Dean*, 114 Mass. 125; Rawle's Covenants for Title [3 Ed.], 65, *et seq.;* 2 Sutherland's Damages, secs. 593, 594, 595, 596, 614; *Blondeau v. Sheridan*, 81 Mo. 545; 110 Mass. 286; *Murphy v. Price*, 48 Mo. 247; Rawle on Covenants [3 Ed.], 255. (4) The court erred in overruling motions for a new trial and in arrest of judgment. Authorities cited. (5) The paper or motion, as set out in respondent's "omitted abstract of the record" and purporting to be in opposition to the appeal which was allowed in this case, is no part of this record. The rule is well settled that before such a motion can become a part of the record, it must be incorporated in a bill of exceptions. This was not done.

*A. D. Burnes* and *J. W. Coburn* for respondent.

(1) Section 285, Revised Statutes, 1889, permits heirs, devisees, etc., to take appeals from the decision of the probate court; but there is nowhere any authority for them to appeal in cases from the circuit court. It does not even appear that Collier is acting for the heirs; and Evans, public administrator, in whose name this suit is brought, disclaims ever giving Collier permission to bring the suit; and he expressly disclaims having given him the authority to appeal. So far as the record discloses Collier is acting for his own benefit merely. (2) The fact that defendant admitted in his answer that he was seized in fee in the land conveyed does not obviate the necessity of plaintiff showing the existence of a paramount title. *Bircher v. Watkins*, 13 Mo. 522. (3) The existence of a paramount title was not shown. The transcript of the record of the action in Wyandotte county, Kansas, was admitted in evidence, but defendant was not shown to have been a party to it, or to have had notice of it. In the case of *Cockrell v. Proctor*, 65 Mo. 41, cited by appellant, in which the above rule was invoked, a paramount title was shown. (4) The existence of a paramount title was not shown by appellant. It is true that he read in evidence the transcript of the suit in Wyandotte county, Kansas, brought by the heirs of Mrs. Milotte against one Mrs. Fulton, but he failed to show that defendant was a party to this suit or had notice of it. *Wheelock v. Overshiner*, 110 Mo. 107; *Mosely v. Hunter*, 15 Mo. 322; *Maguire v. Riggin*, 44 Mo. 512.

BURGESS, J.—This is an action by plaintiff, public administrator of Platte county, Missouri, in charge of the estate of Caroline Milotte, deceased, on the covenants for seizin, and for title, contained in a deed

dated March 31, 1886, and executed by the defendant to her, purporting to convey to said Caroline the south half of lot 4, in block 18, in the city of Wyandotte, Kansas.

The petition is in two counts. The first count is for breach of the covenant for seizin, and the second count for breach of the covenant for title.

The petition alleges that defendant was not seized of the premises in question, at the time of the execution of the deed, to wit, March 31, 1886. This allegation is denied in the answer, which then avers that on that date, "he (defendant) was the owner and seized in fee and in the possession of the lot described in plaintiff's petition."

The cause was tried by the court, a jury being waived, and resulted in a finding and judgment for plaintiff on the first count, assessing his damages at $1, and for defendant on the second count. Plaintiff appealed.

It appears from the evidence that at the time of the execution of said deed, and prior thereto, the lot in question was in the actual possession and occupancy of one Mary J. Fulton, who claimed to own the same, and who refused to surrender the possession of it to said Caroline Milotte. That said Caroline brought suit in the district court at Wyandotte, Kansas, against said Mary J. Fulton, for the possession of said lot, and that said Caroline died pending said suit. That thereafter, on the nineteenth day of April, 1888, Alphonse Milotte, the husband, and the children and only heirs at law of said Caroline brought suit in said district court against said Mary J. Fulton, for the possession of said lot, and on final hearing of said suit, it was adjudged and decreed by said court that said Mary J. Fulton was the owner of said lot, and entitled to its possession.

John W. Gibson, a witness for plaintiff in this case, testified that he was present at the trial of that case, and that Mrs. Fulton put up the claim that it was her money that bought the property, money that came to her from her father before she was married to the defendant in this case; that defendant Fulton was not present at that trial, but he heard his deposition read there, but could not say what his testimony was.

Defendant proved by one Garrard Chestnut, that he purchased the property in question from defendant Fulton in 1888, and that he paid him $700 or $750 for it, but that Fulton never made him a deed. That Mrs. Milotte swapped him for the property a piece of land in Jackson county, incumbered for $1,650, and gave him a note for $300, secured by this property; and that he signed a contract for the sale of the property in question to her. That the note was due two years from date with eight per cent. That he had been handling the lot for Fulton, kind of agent, and offered it to her. Her land was then worth about $20 per acre. There were in the tract one hundred and twenty acres, upon which there were incumbrances amounting to between $1,600 and $1,700.

On cross-examination the witness testified as follows:

"At present, reside in Platte county. I purchased this property, I think, in March, 1886 (about the last of March), from Mr. Fulton, one night. I went up from Kansas City on the train, bought it, paid him in a note that night, and he was to give me the deed, and he brought the deed down the next morning. I had a note for $900, I considered cash, on some parties in Platte county, Smith and Ryan. He took the note and gave me the difference, $75 or $100. This note was not due for ten months after I swapped it to him, not

VOL. 134 mo—42

bearing any interest until maturity. There was no writing or contract at that time. I testified on the trial of the case in the Wyandotte district court. For three or four months before I purchased this property, house and lot, I had acted as Fulton's agent and rented that property from August 1884, until I purchased it, and I had been attending to the improvements and the renting of it. On the trial at Wyandotte, I set up no title or claim to that property, but assisted to bring the suit, advancing the costs, $15. Mr. Fulton did not authorize or request me to do it. Think I had not seen him since the trade. The $300 note given me has not been paid, nor the note for $100 given to Darnall & Company. I disposed of my note to Mrs. Wilson, in Kansas City."

Defendant read in evidence the mortgage securing the payment of said notes.

Other evidence was then introduced by plaintiff tending to show that the Jackson county land was worth $50 per acre on March 30, 1886, at the time of the execution of the deed, which was read in evidence from Caroline Milotte conveying said land to Chestnut.

Plaintiff prayed five declarations of law, which are as follows:

"1. The defendant, having failed to show that he was the owner seized in fee, and in possession of the south half of lot 4, block 18, in the city of Wyandotte, Wyandotte county, and state of Kansas, at the date of the execution and delivery of his warranty deed to Caroline Milotte, dated March 30, 1886, and if one Mary J. Fulton was, at that date, and ever since has been in possession of said premises, under claim of title, then there was a breach of the covenant of seizin, contained in the deed aforesaid, and the finding must be for the plaintiff.

"2. If the court shall find from the evidence that one Mary J. Fulton was, on the thirtieth day of March, 1886, and ever since has been in the possession of the property described in the deed from defendant Fulton to Caroline Milotte dated March 30, 1886, and read in evidence and claiming title thereto, and if the court shall further find from the evidence that the said Caroline Milotte in her lifetime instituted her suit in the said county of Wyandotte, Kansas; that said suit was pending and undetermined at the time of her death, and that after her death her heirs at law instituted their suit in the district court in and for the county of Wyandotte, and state of Kansas, to recover the said premises, and that on the final hearing thereof, the said district court adjudged and decreed that the said Mary J. Fulton was the owner and entitled to the possession of the same, then the law is that said judgment of the district court aforesaid is binding and conclusive upon defendant Fulton and the finding must be for the plaintiff.

"3. Defendant herein having shown no title to the said premises in the city of Wyandotte, Kansas, nor any right to the possession of the same, no notice in writing or otherwise to said defendant of the commencement of said suit to recover possession was necessary to make the judgment rendered therein binding upon defendant Fulton.

"4. If the court finds from the evidence that defendant was not the owner in fee and entitled to the possession of the premises in question and that on suit brought by the heirs of Caroline Milotte in the district court of Wyandotte county, Kansas, against Mary J. Fulton to recover said premises, judgment was rendered that she, the said Mary J. Fulton, was the owner of said premises and barring said heirs from asserting any claim, right, or title thereto, then there was an

eviction as to said heirs under the covenant for title as contained in the said deed of defendant Fulton to Caroline Milotte, and the finding should be for plaintiff on the second count of the petition.

"5. The measure of damages in this case is the amount of the consideration paid by Caroline Milotte for the said Wyandotte property, and if the court should find from the evidence that such consideration was not paid in money by the said Caroline Milotte, but by the conveyance of her farm in Jackson county, Missouri, then the reasonable market value of said farm at the date of the deed conveying the same, less the incumbrances thereon, with six per cent interest on the balance will constitute the measure of damages in this case."

All of said declarations of law were refused and exceptions duly saved.

A preliminary question is raised by defendant, as to the right of counsel who represents the plaintiff to prosecute this appeal, in the name of, and as attorney for plaintiff. There was filed in the trial court pending the application for appeal a paper called a motion, signed J. B. Evans, public administrator, by W. H. Roney, his attorney, disclaiming any intention on his part of taking an appeal, and denying any authority by counsel to so do, which was overruled, and an appeal granted, but the motion is not copied in the bill of exceptions, nor is the action of the court with respect thereto set out in the bill, and being a matter of exception, if the subject of review under any circumstance, is not part of the record proper, and is not before this court for consideration. The motion has not been renewed in this court.

During the trial defendant was permitted to amend his answer over the objection of plaintiff so as to make it conform to the proof. This was a matter of

discretion on the part of the court, and as it does not appear that in so doing it committed an abuse of its discretion, the judgment should not be reversed on that ground. Moreover, the amendment was not material.

The breach assigned is of the express covenant for seizin contained in the deed, and the vital question involved is with respect to the measure of damages. Under the pleadings and evidence, the court correctly found for plaintiff on the first count in the petition, but it is insisted that error was committed in its refusal to declare the law as prayed by plaintiff, and in assessing his damages at a mere nominal sum, when there was a substantial breach of the covenant.

Defendant alleged seizin in himself at the time of the execution of the deed by him to Caroline Milotte, and the burden of proof was on him in the first place to show that he was in fact so seized. And in the absence of such proof there was in law a technical breach of the covenant. The evidence clearly showed that the lot was at that time in the actual occupancy of another person, viz., Mary J. Fulton, who was holding and claiming the same adversely to defendant.

The covenant for seizin is broken as soon as made, and in an action on that covenant the breach is well assigned by negativing the words of the covenant, and when the answer avers seizin in the covenantor, pursuing the words of the covenant, and nothing more appears, the plaintiff is entitled to recover nominal damages only, and to entitle the plaintiff to substantial damages, or the purchase money with interest, he must show that the defendant was not seized of an indefeasible estate. *Bircher v. Watkins*, 13 Mo. 522.

It does not appear from the facts in that case that the land was occupied adversely to the grantor at the time of the execution of the deed, and in that very im-

portant particular it differs from the case at bar. Here the evidence showed that the lot conveyed by defendant was at the time in the adverse possession of one Mrs. Fulton, and that defendant was not seized of said lot.

It is a matter of some doubt in such case whether plaintiff is entitled to recover the full amount of the purchase money or only nominal damages; the rule, however, seems to be that if by reason of such adverse possession the purchaser is actually deprived of the whole subject of his bargain, as we think Mrs. Milotte was in this case, plaintiff, as her legal representative in the absence of express agreement as to the value of the land, is entitled to recover its value at the time of the exchange with interest. *Thomas v. Perry*, 1 Peters, C. C. Rep. 52; *Wheeler v. Hatch*, 3 Fairfield (Me.), 389; *Fitzhugh v. Croghan*, 2 J. J. Marshall, 430.

It was not, therefore, necessary to plaintiff's recovery of substantial damages that he show that Mrs. Fulton's possession of the lot was under a paramount title to that of Mrs. Milotte.

The weight of authority is that the evidence should correspond to the general rule in pleadings which requires the party who alleges to prove the affirmative, of any proposition, and where in an action of this character the defendant alleges seizin in himself, he is bound in the first instance to maintain the affirmative of his covenant. *Swafford v. Whipple*, 3 G. Greene (Iowa), 264; *Ayer v. Austin*, 6 Pick. 225; *Marston v. Hobbs*, 2 Mass. 437; *Abbott v. Allen*, 14 Johnson, 253.

From what has been said, it logically follows that plaintiff is entitled to recover as damages the value of the land, less incumbrances, deeded by Mrs. Milotte in consideration for the lot described in the deed by defendant to her with six per cent interest thereon from the date of said deed, and it makes no difference

that the land was deeded by her to Gibson. It was for defendant's benefit that the deed was thus made. In 2 Sutherland on Damages, section 606, it is said: "If the amount of the consideration is not expressly agreed upon and has been paid in property, it would follow that the value of that property should be adopted as the basis of damages on a breach of the covenant of warranty, if the consideration paid is adopted as the criterion, as we have seen is the case in assessing damages for breach of the covenant of seizin and power to convey; but in some cases the value of the land to which the covenant refers is adopted as the standard." The same rule is announced in *Byrnes v. Rich*, 5 Gray, 518; *Hodges v. Thayer*, 110 Mass. 286; Rawle on Covenants for Title [5 Ed.], sec. 175.

These considerations render it unnecessary to pass upon the effect of the judgment rendered in the district court of Wyandotte county, Kansas, wherein the heirs of Mrs. Milotte were plaintiffs, and Mary J. Fulton was defendant, for possession of the lot.

For error in refusing the first and fifth declarations of law as prayed by plaintiff, and in refusing to render judgment in accordance therewith, the judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.