# F. X. FALK, Appellant, v. J. E. ORGAN et al., Respondents.

**Springfield Court of Appeals, November 6, 1911. Motion for Rehearing Overruled December 8, 1911.**

1. **STATUTE OF LIMITATIONS: Warranty Deed: Covenants of Seizin: Possession.** In an action upon a breach of certain covenants of seizin of a general warranty deed, which was instituted July 23, 1910, the warranty deed having been executed November 7, 1885 by these defendants to plaintiff, it appeared that at the time of the conveyance the defendants had no title whatever, and that the land was wild and uncultivated and had never been in the actual possession of either plaintiff or defendants, and that the real owners in 1907 obtained a decree quieting the title against plaintiff. *Held*, that the covenants of seizin were broken at the time the deed was made, at which time the plaintiff was entitled to recover the purchase money and that this action was barred by the Statute of Limitations, which began to run when the warranty deed was made and not when the decree was rendered against plaintiff in favor of the paramount title.

2. ———: ———: ———: ———: **Subsequent Conveyances: Contiguous Tracts.** In an action upon a breach of covenants of seizin in a general warranty deed, where the defense is the statute of limitations, and it appears that at the time of the execution of the warranty deed and since that time the land was wild and had never been in the possession of either defendants or plaintiff, *held*, that the Statute of Limitations began to run at the time the warranty deed was executed and not at the time the real owners of the land had obtained judgment against plaintiff, decreeing title in them. And that it would avail plaintiff nothing to show that the warranty deed also conveyed other land of which plaintiff took possession at the time of the conveyance and had had actual possession of the same ever since, but which land was not contiguous to the land for which a breach of warranty is claimed, or that subsequently the defendants conveyed plaintiff other tracts, which together with the tracts conveyed constituted one body of land.

3. **REAL PROPERTY: Seizin: Breach of Covenants of Seizin.** Seizin is of two kinds; seizin in law and seizin in deed. A covenant of seizin implies that the covenantor is possessed of both. That is, of the whole legal title and the covenant is broken once and for all if the covenantor has not the possession, the right of possession and the right of legal title.

Falk v. Organ et al.

4. ———: ———: ———: **Personal Covenants.** The covenant of seizin of an indefeasible estate in fee simple is a covenant *in praesenti* and is broken the moment of its creation, provided the title of the covenantor is totally defective and he has no estate or possession whatever in the land. In such case the covenants of seizin between the parties are personal and collateral to the land.

5. ———: ———: ———: **Covenants Running with Land: Statute of Limitations.** Where a deed has been made containing covenants of seizin of an indefeasible estate in fee simple and any estate passes by the conveyance, or the covenantee takes actual possession of the land, such estate or possession will be sufficient to carry the covenants and such covenants will run with the land and would be substantially breached when the covenantee was deprived of the estate conveyed or when he was ousted from actual possession of the land by the holder of the paramount title and the Statute of Limitations would begin to run from the time of such breach.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Wm. P. Elmer* for appellant.

(1) Under the testimony the plaintiff was entitled to recover. The deed was executed in 1885; the covenant was breached in 1907. Plaintiff suffered substantial damages and had a right of action therefor after the final decision of the court against his title. R. S. 1909, sec. 1888; Blondeau v. Sheridan, 81 Mo. 554; 8 Am. and Eng. Ency. of Law (2 Ed.), 91, 93. The Statute of Limitations does not begin to run from the date of the technical breach, but from the date the cause of action for substantial damages accrued. 8 Am. and Eng. Ency. of Law (2 Ed.), 224; Atkinson v. Tomlinson, 128 Mo. 487; Allen v. Kennedy, 91 Mo. 327; Can Court v. Moore, 26 Mo. App. 92; Leetz v. Gratz, 124 Mo. App. 394, 121 S. W. 696; Jones v. Hazeltine, 102 S. W. 42. (3) The covenant of seizin runs with the land and may be sued on by subsequent grantees. Al-

len v. Kennedy, 91 Mo. 427. (4) The measure of damages is the purchase money and six per cent interest thereon from the date of the deed, where the grantor has no title and no possession is given to grantee. Atkinson v. Tomlinson, 121 Mo. 327. (5) Possession of a part of a tract of land, under color of title to the whole tract, and claiming the title to and exercising over the whole tract the usual acts of ownership will constructively extend possession over the entire tract of land. R. S. 1909, sec. 1882; 1 Am. and Eng. Ency. of Law (2 Ed.), 862; Herbse v. Merrifield, 133 Mo. 267. (6) This rule obtains although the tract may be conveyed by separate deeds, provided the land is contiguous. 1 Am. and Eng. Ency. of Law (2 Ed.), 685; Pharis v. Bayless, 122 Mo. 120.

*Dalton & Arthur* for respondent.

(1) The force of the covenant of seizin in Missouri binds the grantor to assure the very estate in quantity and quality which he undertakes to convey. Langenberg v. Dry Goods Co., 74 Mo. App. 12; Coleman v. Clark, 80 Mo. App. 339; Peacre v. Chouteau's Admr., 13 Mo. 527. (2) When the grantor is not, at the time of making his deed, in possession of the property described therein, and has no title thereto, his covenant of indefeasible seizin is broken as soon as made. Adkins v. Tomlinson, 121 Mo. 487, 26 S. W. 576. (3) It seems to be the law in this State that when the possession of the property is not delivered to the purchaser, and the grantor has no title to the land, the covenant of title does not run with the land. Loan & Trust Co. v. Fullen, 114 Mo. App. 640, 91 S. W. 58; Lumber Co. v. Anderson, 13 Mo. App. 429; Talbott v. Bedford, 3 Tenn. (Cooke) 447; Matteson v. Vaughn, 38 Mich. 373; Ilsley v. Wilson, 42 W. Va. 757, 26 S. E. 551; Murphy v. Price, 48 Mo. 250. (4) When the grantor has neither the title nor the possession at the time

he makes the deed, both the technical and the so-called actual breach are made at one and the same time at the date of the making of the deed, from which date the Statute of Limitations begins to run. Sturgis v. Slocum, 116 N. W. 128; Wick v. Rea, 54 Wash. 424, 103 Pac. 462; Bank v. Baker, 130 S. W. 556; Reis v. Epperson, 143 Mo. App. 90, 122 S. W. 353; Garfield v. Williams, 2 Vt. 327. (5) Where the same grantor conveys to the same grantee by separate deeds, two separate parcels or tracts of land which are contiguous, the possession of one will not give constructive possession of other. Kingstain v. Guck, 118 N. W. (Mich.) 967; Thompson v. Burhans, 61 N. Y. 52; Brocket v. Person Unknown, 53 Me. 278; Green v. Irving, 54 Miss. 450; Little v. Downing, 37 N. H. 353; Jackson v. Woodruff, 1 Cow. (N. Y.) 276; Fairman v. Beal, 14 Ill. 244; Hammond v. Ridgely, 5 Har. and J. 245; Crowell v. Beebe, 10 Vt. 33; Peper v. O'Dowd, 39 Wis. 538; Riland v. Eckert, 23 Pa. St. (11 Harris) 215; Bell v. Longworth, 6 Ind. 273; Herbst v. Merrifield, 133 Mo. 267, 34 S. W. 571.

NIXON, P. J.—This was an action upon a breach of certain covenants of seisin of a general warranty deed. The action was instituted in the circuit court of Dent county on July 23, 1910. The deed was executed on the 7th day of November, 1885, by the defendants to the plaintiff for the west one-half of the northwest quarter of section 17, township 32, range 3. The alleged value of the property was $400. The consideration paid was eighty-five cents on acre. The answer of the defendants was a plea of the ten years' Statute of Limitations, with an allegation that the land conveyed was wild land and was never in the actual possession of either plaintiff or defendants. Judgment was for the defendants and the plaintiff appealed.

The breach of defendants' covenants of seisin, as stated in the petition, was that defendants had not

warranted and defended the premises, and that the defendants were not seised of an indefeasible estate in fee simple in said premises conveyed by said deed, but that, on the contrary, the title thereof was vested in F. A. Sayers, Wm. H. Sayers and Annie S. Hitch-. cock. The evidence at the trial tended to show that the land is what is known as tax land and that the defendants' title was derived by purchase at a tax sale; that neither the plaintiff nor defendants at any time had any possession of any kind of the land conveyed, it being wild land. A suit was instituted by the real owners of the land, F. A. Sayers, Wm. H. Sayers and Annie S. Hitchcock, on November 2, 1907, against the plaintiff to quiet the title, and the plaintiffs in said suit obtained judgment against the plaintiff in this suit for the said lands, in which the court decreed that the said F. A. Sayers, W. H. Sayers and Annie S. Hitchcock were entitled to said land and the possession thereof.

The evidence further showed that the said deed dated November 7, 1885, conveying the said land to the plaintiff, also conveyed other land, namely, the east one-half of the northeast quarter and the east one-half of. the southwest quarter of section 20, township 32, range 3 (as well as other lands), this deed containing, among other covenants, a covenant that defendants were lawfully seised of an indefeasible estate in fee simple in the premises conveyed. The evidence showed that on the southeast quarter of the northeast quarter of section 20, conveyed by the said deed, at the time of such conveyance, there was a field of some 20 acres, fenced, cleared out, and in cultivation, and that upon conveyance of the same to the plaintiff, he took immediate possession of said field and all the improvements thereon and commenced the erection of a saw-mill plant, and built thereon several houses, and made other improvements for the purpose of operating and did operate a saw-mill thereon for a number of years. That by reason of the several conveyances

of land from the defendants to the plaintiff, the several tracts of land constituted one body of land, being in sections 17, 18 and 20, and they all joined and lay contiguous; but the conveyance by which the several tracts became contiguous to the improved land in section 20 was subsequent to the 7th day of November, 1885, and was conveyed to the plaintiff by the defendants by other deeds than that which conveyed the west one-half of the northwest quarter of section 17. That plaintiff and those under whom he claims have since had the actual possession of the said southeast quarter of the northeast quarter of section 20, and exercised the usual acts of ownership over the land conveyed by said deed of the defendants, except as to the west one-half of the northwest quarter of section 17.

The court gave on behalf of the defendants an instruction that if the defendants had no title to the land and no possessions, and did not put the plaintiff in actual possession of the land, then the covenants of seisin were broken immediately and the Statute of Limitations began to run at the date of the conveyance.

The finding of facts in the case was as follows: "That at the time of the execution of the deed by the defendants, J. O. Organ and wife, the said Organ had no title whatever to the land involved in this suit, and had no possession of any kind of the same, it being wild land which he had purchased for taxes, the deed to which was void, and he had never taken possession thereof, and did not put plaintiff in possession, and that the tax deed made to the defendant for said land, introduced in evidence, is absolutely void as to the land embraced in this deed." The appellant admits that this finding of facts is in accordance with the evidence in the case.

The entire controversy in this case is one of law. Respondents contend that the covenants of seisin were substantially breached and that the Statute of Limitations began to run against them on November 7,

1885, the day the deed was delivered to the appellant, while the appellant contends that he did not suffer substantial damage until the final decision of the court against the respondents' title and in favor of the paramount title on November 2, 1907.

As we have seen, the facts are undisputed that on the day the deed with covenants of seisin was delivered to the plaintiff, the defendants had no title whatever to the land and no possession; that it was purchased by defendants at a tax sale and the deed was void; that the defendants had never had any possession, and that they did not put the plaintiff in possession.

This, as we have said, is an action by plaintiff (covenantee) against the defendants (covenantors) for the breach of a covenant of seisin. Seisin is of two kinds—seisin in law, and seisin in deed. A covenant of seisin implies that the covenantor is possessed of both, that is, of the whole legal title, and the covenant is broken once and for all if the covenantor has not the possession, the right of possession, and the right of legal title. [Coleman v. Clark, 80 Mo. App. l. c. 342; Fitzhugh v. Croghan, 19 Am. Dec. 139; 2 Wash. on Real Prop., side page, 657.]

The law in this state is undoubtedly well settled that the covenant of seisin of an indefeasible estate in fee simple is a covenant in praesenti and is broken the moment of its creation provided the title of the covenantor is totally defective and he has no estate or possession whatever in the land, and in such cases the covenants of seisin between the parties are personal and collateral to the land. If, however, any estate passes by the conveyance, or the covenantee takes actual possession of the land, such estate or possession will be sufficient to carry the covenants and such covenants will run with the land; and in such case, the covenants would be substantially breached when the covenantee was deprived of the estate conveyed or

when he was ousted from actual possession of the land by the holder of the paramount title. In this case the facts indisputably show that the defendants were not, at the time of the execution of the deed to the plaintiff, the owners of the west one-half of the northwest quarter of section 17, township 32, range 3, the land conveyed, and were not in possession thereof, never put the covenantee in possession, and had no title or interest therein. Hence the covenant of indefeasible seisin was broken as soon as made and the plaintiff was entitled to recover the purchase money with interest from the date of its payment and the execution of the deed. [Adkins v. Tomlinson, 121 Mo. l. c. 495, 26 S. W. 573; Evans v. Fulton, 134 Mo. 653, 36 S. W. 230; Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142; Kirkpatrick v. Downing, 58 Mo. 32; Murphy v. .Price, 48 Mo. 247; Webb v. Wheeler, 17 L. R. A. (N. S.) 1178.] It therefore follows that at the time of the execution of the deed containing the covenants of warranty on the 7th day of November, 1885, the covenantors having no estate, title or possession of the land conveyed, the covenantee received absolutely nothing by his purchase, and the covenant of seisin was breached technically and substantially on that day, and the Statute of Limitations commenced to run from that time.

The appellant contends with much earnestness, however, that he did take actual possession on that date of the southeast quarter of the northeast quarter of section 20, and that the said tract of land was improved and was conveyed in the same deed as the west one-half of the northwest quarter of section 17; also, that subsequently, other tracts were conveyed by the defendants to the plaintiff, which, when considered as one body, joined and were contiguous to the southeast quarter of the northeast quarter of section 20 which contained the improvements, and that by virtue of actual possession of part of the whole tract, plaintiff

160 App.—15

(appellant) became vested with constructive possession of the tract in controversy in section 17. The question, however, of the breach of the covenant of seisin, as we have seen, must be confined to the actual date of the delivery of the deed containing the covenants sued upon, for the covenants, being *in praesenti,* the substantial breach would take place at that time if the defendants had no estate, title or ·possession. The tract in section 17 and the tract in section 20 on the 7th day of November, 1885, the date of the conveyance of the land in controversy, were not contiguous to each other but were independent and disconnected from each other, so that the title and possession of one of those tracts of land in no way affected the title or possession, actual or constructive, of the other tract. The parties who obtained the decree against plaintiff, sustaining a paramount title to the west one-half of the northwest quarter of section 17, township 32, range 3, had no title or claim to the other lands conveyed by defendants to the plaintiff. At and prior to the execution of the deed of November 7, 1885, containing the covenants of seisin, the evidence fails to show that the defendants ever had any claim of possession or title to the lands in section 17 by reason of any title or possession of the lands in section 20; that the cultivated tract conveyed in section 20 was not adjoining the land in section 17, and that the defendants did not exercise any of the usual acts of ownership over any of the lands in section 17 by reason of any title or possession of the tract of land in section 20. The defendants, having no title on the date of the conveyance of the lands in section 17, either defeasible or indefeasible, or any estate of any kind, and no possession, actual or constructive, at the time the covenants were made, the statute commenced to run at that date, and the subsequent purchases of the other lands by the plaintiff of the defendants by which he claims possession of the land in section 17 under color of title in

no wise affected the Statute of Limitations; and the
statute, having commenced to run, the subsequent pur-
chases of the plaintiff did not in any way affect it.

It follows from what has been said that the judg-
ment of the trial court was for the right party and the
same is accordingly affirmed.  All concur.