Frank v. Organ.

---

E. S. FRANK, et al., Appellants, v. JOHN E. ORGAN, Respondent.

Springfield Court of Appeals, December 2, 1912.

STATUTE OF LIMITATIONS: Warranty Deed: Covenants of Seisin: Possession. On August 20, 1892, respondent sold and conveyed to appellants by warranty deed, a tract of land to which he had no title whatever, neither did he have possession nor did he put appellants into possession. In 1907 the real owners obtained a decree against appellants, vesting the title in them. On October 24, 1910, appellants instituted a suit against respondent for breach of warranty for the price of the

land with interest from date of purchase. *Held*, that the covenant of warranty of seisin was broken at the time the warranty deed was made and that appellants' cause of action was barred by the Statute of Limitations. [Following Falk v. Organ, 160 Mo. App. 218.]

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Orchard* and *Cunningham* for appellants.

(1) Under the testimony the plaintiff was entitled to recover. The deed was executed on the 20th day of August, 1897; the covenant was breached in 1907. Plaintiff suffered substantial damages and had a right of action therefor after the final decision of the court against his title. R. S. 1909, Sec. 1888; Blondeau v. Sheridan, 81 Mo. 554; 8 Am. & Eng. Ency. Law (2 Ed.), 91-4. (2) The Statute of Limitations does not begin to run from the date of the technical breach, but from the date the cause of action for substantial damages accrued. 8 Am. & Eng. Ency. Law (2 Ed.), 224; Atkinson v. Tomlinson, 128 Mo. 487; Allen v. Kennedy, 91 Mo. 327; Van Court v. Moore, 26 Mo. 92; Leetz v. Gratz, 124 Mo. App. 394, 121 S. W. 696; Jones v. Hazeltine, 102 S. W. 42. (3) The court erred in its instruction given for defendant, declaring that the Statute of Limitations barred plaintiff's action in this case. R. S. Mo. 1909, Sec. 1888; 8 Am. & Eng. Ency. Law (2 Ed.), 224; Blondeau v. Sheridan, 81 Mo. 554.

*Dalton* and *Arthur* for respondent.

(1) The covenant of seisin implies that the covenantor is possessed of both the seisin in law and seisin in deed, that is, the whole legal title, and the covenant is broken if the covenantor has not the possession and the right of the legal title. Coleman v. Clark, 80 Mo. App. 339; Mattison v. Vaughn, 38 Mich. 373. (2)

When Organ conveyed the land described in appellants' petition he had no title to it, no possession, therefore the covenant of title was broken as soon as made. Falk v. Organ, 160 Mo. App. 218; Adkins v. Tomlinson, 121 Mo. 487. (3) The law in this State is well settled that when the actual possession of real estate sold is not delivered to the purchaser, and the grantor has no title to the land, the covenant of title does not run with the land. Iowa Loan and Trust Company v. Fullen, 114 Mo. App. 640.

NIXON, P. J.—The facts in this case are not controverted between the parties. This is a suit instituted in the circuit court of Dent county by the appellants against the respondent for breach of warranty and in which judgment was rendered against appellants, from which they appeal.

The land involved is the northwest quarter and the southeast quarter of the northeast quarter of section thirty-six, township thirty-one, range three west, in Shannon county, Missouri. On the second day of May, 1881, the north half of the above mentioned section was sold for taxes on a judgment rendered in favor of the collector against Hamilton Brandon. The said Brandon was dead at the time of the rendition of the tax judgment. On the twentieth day of August, 1892, respondent Organ sold said lands to appellants together with other lands for the price and sum of two dollars and fifty cents per acre. Thereafter, the heirs of Hamilton Brandon, to-wit, George Brandon and Bell Hodges, instituted a suit in the circuit court of Shannon county, Missouri, against the appellants herein to test and quiet the title to said lands, and on the fourteenth day of September, 1907, judgment was rendered against these appellants and in favor of George Brandon and Bell Hodges, quieting the title in them and divesting the title out of these appellants. Then the appellants herein on the twenty-fourth day

of October, 1910, instituted suit in the circuit court of Dent county, Missouri, against respondent for breach of warranty, for the price paid for the lands with six per cent per annum from date of the purchase of said lands. On trial thereof, judgment was rendered in favor of respondent and against these appellants on the ground that the breach of warranty occurred at the time the deed was made and that the cause of action was barred under the ten year Statute of Limitation. The tax proceedings were regular on their face and the testimony of Mr. Ship was that he had no knowledge or information that Hamilton Brandon, the defendant in the tax suit, was dead until the suit was filed to test and quiet the title, and that that was the first time they knew there was a paramount and outstanding title.

In the case of F. X. Falk v. J. E. Organ et al., 160 Mo. App. 218, 141 S. W. 1, this court had occasion to examine and declare the law on facts substantially identical with those in the present record, and the opinion in that case is adopted as the declaration of law governing this case. In that opinion we said:

"As we have seen, the facts are undisputed that on the day the deed with covenants of seisin was delivered to the plaintiff, the defendants had no title whatever to the land and no possession; that it was purchased by defendants at a tax sale and the deed was void; that the defendants had never had any possession, and that they did not put the plaintiff in possession.

"This, as we have said, is an action by plaintiff (covenantee) against the defendants (covenantors) for the breach of a covenant of seisin. Seisin is of two kinds—seisin in law, and seisin in deed. A covenant of seisin implies that the covenantor is possessed of both, that is, of the whole legal title, and the covenant is broken once and for all if the covenantor has not the possession, the right of possession, and the

right of legal title. [Coleman v. Clark, 80 Mo. App. l. c. 342; Fitzhugh v. Croghan, 19 Am. Dec. 139; 2 Wash. on Real Prop., side page, 657.]

"The law in this State is undoubtedly well settled that the covenant of seisin of an indefeasible estate in fee simple is a covenant *in praesenti* and is broken the moment of its creation provided the title of the covenantor is totally defective and he has no estate or possession in the land, and in such cases the covenants of seisin between the parties are personal and collateral to the land. If, however, any estate passes by the conveyance, or the covenantee takes actual possession of the land, such estate or possession will run with the land; and in such case, the covenants would be substantially breached when the covenantee was deprived of the estate conveyed or when he was ousted from actual possession of the land by the holder of the paramount title. In this case the facts indisputably show that the defendants were not, at the time of the execution of the deed to the plaintiff, the owners of the west one-half of the northwest quarter of section seventeen, township thirty-two, range three, the land conveyed, and were not in possession thereof, never put the covenantee in possession, and had no title or interest therein. Hence the covenant of indefeasible seisin was broken as soon as made, and the plaintiff was entitled to recover the purchase money with interest from the date of its payment and the execution of the deed. [Adkins v. Tomlinson, 121 Mo. l. c. 495, 25 S. W. 573; Evans v. Fulton, 134 Mo. 653, 36 S. W. 230; Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142; Kirkpatrick v. Downing, 58 Mo. 32; Murphy v. Price, 48 Mo. 247; Webb v. Wheeler, 17 L. R. A. (N. S.) 1178.] It therefore follows that at the time of the execution of the deed containing the covenants of warranty on the seventh day of November, 1885, the covenantors having no estate, title or possession of the

167 Mo. App.—32

land conveyed, the covenantee received absolutely nothing by his purchase, and the covenant of seisin was breached technically and substantially on that day, and the Statute of Limitations commenced to run from that time.''

On re-examination of the law we see no reason to modify in any respect the principles announced in that opinion. It therefore follows that the judgment in this case should be affirmed, and it is so ordered. All concur.