Kaufman v. Davis.

---

## ARTHUR KAUFMAN, Appellant, v. A. F. DAVIS et al., Respondents.

Springfield Court of Appeals, December 11, 1913.

1. **APPELLATE PRACTICE: Reviewing Instructions: Considered as Entirety: Record Should Contain What.** Under Rule 8, where it is sought to have only a review of the action of the trial court upon the instructions, it is not necessary that the evidence be set out in the bill of exceptions, a summary being sufficient, yet it is incumbent upon the appellant to submit to the appellate court all of the instructions which were given, to the end that the court may determine the force and effect of the ruling of the trial court on any one instruction with reference to the instructions as a whole.

2. **FRAUD AND DECEIT: Remedies.** The plaintiff has two remedies in cases of fraud and deceit. (a) He can stand upon his contract and sue for the damages growing out of the fraud and deceit. (b) He can rescind the contract and sue to have same canceled and held for naught.

3. ————: **Measure of Damages.** In a case of fraud and deceit where the plaintiff chose to stand upon the contract and sue for damages growing out of the fraud and deceit, the measure of damages is the difference between the full value of the property as represented and its real or actual value.

4. ————: **Action for Damages: Measure.** Defendants fraudulently representing that one H. had title to certain property, induced plaintiff to make an exchange of his property for the property of H., and also to pay defendants a commission for their services. In a suit for damages on account of the fraud and deceit of 'the defendants, plaintiff *held* entitled to recover not merely the money paid by him to defendants but the value of the property as represented which was to have been transferred to him.

## On Motion for Rehearing.

5. **RECORD: Only Matters Contained in Considered by Appellate Court.** Appellate courts will not consider and pass on matters . not presented to them by the record.

6. **PLEADINGS: In Actions for Fraud: What Comprehended by.** In an action for damages because of fraudulent representations, where the answer was merely a general denial, *held* that there was no call to pass upon any defense or counterclaim arising to defendants from the fraud and deceit of the plaintiff.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair*, Judge.

REVERSED AND REMANDED.

*R. M. Sheppard* for appellant.

(1) In an action for deceit or breach of warranty, the measure of damages is the difference between the actual value of the property at the time of the purchase, and its value if the property had been what it was represented to be. Kendrick v. Ryus, 225 Mo. 150; Morse v. Huchins, 102 Mass. 440; Herford v. Cramer, 7. Colo. 490. (2) Where a person makes a contract for the sale of real estate, and there is a breach of the contract, because of the failure of title, the purchaser under the contract is entitled to the benefit of his bargain because the measure of damages is the difference

between the price agreed to have been paid and the reasonable market value of the property. Kirkpatrick v. Downing, 58 Mo. 32; Krepp v. Railroad, 99 Mo. App. 94; Ryan v. Miller, 235 Mo. 496; Adams v. Barber, 157 Mo. App. 370; Hicks v. Deemer, 58 N. E. 252; Howardton v. Augustine, 106 N. W. 941.

*Grant Emerson* and *W. J. Owen* for respondents.

(1) The true measure of damages where false representations induced a sale or exchange of real estate, and there is a total failure of title to the land, as in the case at bar, is the amount paid for the property, or the value of the thing given in exchange. 20 Cyc. 137 (IV); Woolenslagle v. Runals, 76 Mich. 545, 43 N. W. 454; George v. Hesse, 123 Am. St. Rep. 786 (notes); Reynolds v. Franklin, 44 Minn. 30, 20 Am. St. Rep. 540. (2) The measure of damages where there is a total failure of title, and where the covenant of seizin is broken as soon as it is made, is the consideration paid with interest. Tapley v. Labeaume's Exr., 1 Mo. 550; Evans v. Fulton, 134 Mo. 661; Frank v. Organ, 167 Mo. App. 493; Coleman v. Clark, 80 Mo. App. 339; Jeffords v. Dreisbach, 168 Mo. App. 577; Falk v. Organ, 160 Mo. App. 225.

ROBERTSON, P. J.—Plaintiff seeks to recover of the defendants the sum of twenty-five hundred dollars as damages on account of the alleged fraud perpetrated upon him by defendants in that, as he alleges, for a commission agreed by him to be paid to them, they undertook to trade certain property owned by plaintiff for a tract of real estate in Arkansas, and that, in pretending to consummate the deal, the defendants falsely and fraudulently represented to the plaintiff that one Henson was the owner of the land; that the defendants furnished the plaintiff with a pretended abstract of title to the land, showing said Henson to be the owner thereof, but that said Henson did not own

the land and the abstract which so showed was absolutely false; that the plaintiff relying upon these representations transferred his property to Henson and also paid to the defendants forty-five dollars in cash as a commission for their services and executed a note payable to the said Henson for $150 and a mortgage on said land to secure the payment of the same; that the defendants delivered none of the plaintiff's said property to Henson, but kept and fraudulently appropriated the same to their own use and did not pay any part of the said money received from plaintiff to said Henson, nor deliver said note to him, but, without any authority from Henson, indorsed his name upon said note and transferred it to some other person. Plaintiff further alleges that the land was reasonably worth the sum of twenty-five hundred dollars.

The defendants' answer is a general denial. A jury trial resulted in a verdict in favor of the plaintiff for the sum of forty-five dollars, from which judgment the plaintiff has appealed, assigning as error the action of the trial court in refusing to admit testimony offered by him as to the reasonable market value of the Arkansas land at the time the fraud is alleged to have been perpetrated upon plaintiff by defendants, the court excluding the offer on the ground that the measure of damages was confined to the amount of the money paid. The court also refused the following instruction requested by the plaintiff.

"If the jury find the issues for the plaintiff, then you should find for the plaintiff the full value of what said land would have been worth at the time of said sale if the title to said land had been as represented by said defendants, not to exceed $2500."

This refused instruction is set out in the appellant's abstract of the record and is said to have been taken from page 126 of the bill of exceptions. No other instructions are quoted in appellant's abstract of the record.

Rule 8 of this court is a duplicate of Rule 6 of the Supreme Court. In the case of Clark v. Iron & Foundry Co., 234 Mo. 436, 437, 137 S. W. 577, the method of applying this rule is announced. It is there said that where it is sought to have only a review of the action of the court upon instructions that "It is sufficient for the bill of exceptions to show that the evidence offered by the plaintiff tended to prove all of the allegations of the petition; and that the evidence offered by the defendant tended to contradict all of the evidence offered by the plaintiff, and also tended to prove the allegations of the answer; and that the plaintiff offered evidence tending to disprove all of the allegations of new matter contained in the answer, etc." [See, also, O'Donnell v. Patton, 117 Mo. 13, 18, 22 S. W. 903.] We are not insisting that any fixed or inflexible form is essential under this rule, but we are of the opinion that the appellant should do more than submit the instruction or instructions complained of by him where other instructions have been given, as it is apparent, from the motion for a new trial, other instructions were given in this case. We are not ordinarily authorized to presume that because the court refused to give one instruction, even if the refusal was erroneous, that other instructions were not given which cured any error in the refusal of the one. The burden is on the appellant to establish error. [Rankin v. Railroad, 150 Mo. App. 32, 129 S. W. 755.] Under Rule 8, while the appellant may, as a foundation for a review of the action of the trial court on instructions, state that his testimony tended to prove a certain state of facts, yet it is incumbent upon the appellant to bring to this court all of the instructions which were given, so that we may determine the force and effect of the ruling of the court on any one instruction with reference to the instructions as a whole. It frequently happens that an instruction given by the court cures the error in the refusal of an instruction.

It is as important that the appellate court, in passing on the question of instructions, have all of the given instructions in a case as that there should be submitted to the appellate court all of the testimony in a given case when passing on a demurrer to the testimony. However, in view of the fact that the respondent has joined issue here, made no objection to the appellant's abstract of the record, and offered no additional abstract of the record, we have concluded, since there is but one legal proposition involved, to assume that said errors are properly presented here. It is evident from the motion for a new trial that the questions of the rejection of the testimony and the refusal of the instructions here involved were properly submitted to and were passed upon by the trial court.

The issue here for review is clearly and concisely defined by the appellant as follows: "The contention of the plaintiff and appellant herein at the trial court and here is that the rule in this State is that, in cases where fraudulent representations are made as to property which induced a person to part with money or other valuable consideration, the measure of damages is the difference in the reasonable market value of the property at the time of the transfer, if as represented, and its value as it really was."

The respondents in their brief state that they agree with appellant that "there is but one point to be determined and that is the measure of plaintiff's damages." Respondents also state: "This is an action *ex delicto,* and is in no wise to be confused with actions arising out of breach of contracts, or actions *ex contractu.*"

From the case of Ryan v. Miller, 236 Mo. 496, 508, 139 S. W. 128, we quote as follows: "In cases of fraud and deceit, the plaintiff has two remedies: (1) He can stand upon his contract and sue for the damages growing out of the fraud and deceit practiced upon him in the procurement of the contract, or (2) he

can elect to rescind the contract and sue to have the same canceled and for naught held. [Brown v. South Joplin L. & Z. M. Co., 231 Mo. 166, 132 S. W. 693.] Of these two remedies the first is at law and the latter in equity. The measure of damages is different as well as the forum. In the first action the plaintiff can recover the difference between the full value of the property, as its value would have been had the property been up to the representations, and the real and actual value of the property, thus giving to the grantee the benefits and profits of his bargain. [Kendrick v. Ryus, 225 Mo. 150.] In the action in equity the court simply places the parties where they were before the vitiated contract was made."

We had occasion in the case of Peters v. Lohman, 171 Mo. App. 465, 483, 156 S. W. 783, to note this distinction.

That the appellant in this case is seeking relief under the first above mentioned remedy is clear from the allegations of his petition, as is conceded by the respondents, and we must, therefore, hold under the authorities in this State that he is entitled to recover the "benefits of his bargain" and that the trial court committed error in refusing to admit the testimony and to give the instruction above quoted.

The respondents, in support of their contention, cite the cases of Tapley v. Labeaume's Exr., 1 Mo. 550; Evans v. Fulton, 134 Mo. 653, 661, 36 S. W. 230; Frank v. Organ, 167 Mo. App. 493, 151 S. W. 504; Coleman v. Clark, 80 Mo. 339; Jeffords v. Dreisbach, 168 Mo. App. 577, 153 S. W. 274; and Falk v. Organ, 160 Mo. App. 218, 225, 141 S. W. 1; but all of these cases were actions for the breach of covenants of seizin. Respondents also rely upon cases from other States and refer to the case of George v. Hesse, 123 Am. St. Rep. 772, which contains a lengthy note commencing on page 776. There it is noted that the decisions of the Federal courts are opposed to the rule of

giving the purchaser the benefit of his bargain. However, the following statement is found. "But a majority of the State courts hold that the plaintiff is entitled to the benefit of his bargain, and can recover the difference between the actual value of the property at the time of the purchase and what it would have been worth if the false representations had been true."

Judge GRAVES in the case of Kendrick v. Ryus, 225 Mo. 150, 158, 123 S. W. 937, enters upon an exhaustive review of the authorities prefaced as follows: "This action is not to rescind, but an action *ex delicto* for damages sustained by reason of fraud and deceit used at the time the contract was made." So that it is unnecessary for us to further review the cases outside of this State, as the "benefit of the bargain" rule is clearly recognized in this State.

Since the court erred in excluding the testimony offered and in refusing the instruction requested, we reverse the judgment and remand the case. *Sturgis, J.,* concurs, and *Farrington, J.,* concurs.

## ON MOTION FOR REHEARING.

PER CURIAM.—Respondents in this case are insisting that this court consider and pass on questions not presented to us by the record. They insist that the merchandise represented by the invoices assigned to them, or the party whom they represented on the trade for the land, had no existence or value or that plaintiff had no more or better title to such merchandise than the party for whom respondents purported to act in making the trade had to the land. It is insisted that the transaction was, in part at least, merely a trade of land for merchandise and that while the title to the land failed on the one side, so did the title or value of the merchandise fail on the other side, and that plaintiff ought not to be allowed to recover for

the value of the land lost to him without taking into
account the value of the merchandise lost to the re-
spondents. This court has not so ruled for the rea-
son that no such question is presented in this record.
If evidence to sustain respondents' contention was of-
fered, the record does not so show. On this point the
abstract of the record, unobjected to, shows no more
than that plaintiff put in evidence tending to sustain
the allegations of his petition and that the court re-
jected his evidence as to the market value of the par-
ticular land lost to him by the failure of the vendors'
title on the ground that such value was not the proper
measure of damages. Nor was any such issue raised
by defendants' answer. Under the pleadings, as they
now stand, neither the trial court nor this court is
called upon to pass on any defense or counterclaim
arising to defendants from fraud and deceit practiced
by plaintiff with reference to the quality, quantity, or
title, of the merchandise exchanged for the Arkansas
land. The motion for rehearing is overruled.