E. V. McGREW, RESPONDENT, v. TENNIE C. LANGDON ELKINS, APPELLANT.—36 S. W. (2d) 424.

In the Springfield Court of Appeals. Opinion filed February 23, 1931.

*L. R. Jones* for appellant.

*John A. McAnally* and *Orville Zimmerman* for respondent.

BAILEY, J.—This is a suit for breach of the covenants in a warranty deed executed and delivered by defendants to plaintiff on December 7, 1910, conveying certain lands in Dunklin County for an expressed consideration of $4000. The petition states that this deed contained in the granting clause the words, "Grant, Bargain and Sell," whereby defendant covenanted that at the time of the execution of said conveyance she was possessed of an indefeasible estate in fee simple in the real estate; that it was free of any incumbrances and for further assurance. It is further alleged that at said date defendant was not seized of an indefeasible estate in fee simple but that Charles D. Matthews, Jr., was then the owner; that on January 23, 1919, plaintiff conveyed these premises to A. Karnes, who subsequently conveyed same to John M. Karnes; that Charles D. Matthews instituted a suit in which A. Karnes, and afterward John M. Karnes, were defendants, for the purpose of recovering possession of said premises and a judgment was rendered in his favor;

that defendant appealed to the Supreme Court of Missouri where the judgment for possession of the premises was affirmed, Matthews v. Karnes, 9 S. W. (2d) 628) and thereafter John M. Karnes was duly and legally dis-possessed; that plaintiff was compelled to settle with John M. Karnes, under his covenants of seizin and warranty, and made 'restitution so that plaintiff has become the damaged party; that the purchase price paid defendant for the premises was $1500, for which plaintiff prays judgment with interest thereon from December 7, 1910. The answer of defendant admitted the execution of the general warranty deed but pleaded that plaintiff's cause of action, if any, was barred by the ten year statute of limitations. Upon the issues thus drawn a trial was had to a jury, resulting in a verdict and judgment for plaintiff and defendant has duly appealed to this court.

Error is assigned in the refusal of the trial court to give defendant's Instruction No. 1, offered at the close of the testimony, directing a verdict for defendant. There is no dispute as to the facts, to which we will refer, briefly. The deed described in the petition, conveying 160 acres, was acknowledged December 28, 1910, and delivered to plaintiff the first of the year 1911; the land was wild, in the timber, unimproved, unfenced and was not in the actual occupancy of anybody except possibly a ''squatter'' on some portion of the land, who made no claim.

It is admitted that at the time plaintiff received his deed defendant was not in possession of the land and that plaintiff was never placed in possession thereof either by defendant or other person for her. It is further admitted that plaintiff never entered upon the land until a month or more after his deed was delivered, when he had men to start clearing the land and building fences. It appears that thereafter plaintiff and those claiming under him continued in possession and made valuable improvements, but their possession never ripened into a title through adverse possession (See Matthews v. Karnes, 9 S. W. (2d) 628).

The question presented is, where the grantor in a general warranty deed, containing the usual covenants of warranty and seizin, had no title to, or possession of the premises conveyed at the time the deed was executed and delivered, and where the grantee did not take possession at the time of such delivery of the deed, does the ten year statute of limitation commence to run immediately upon the delivery of the deed? It is plaintiff's contention the statute does not begin to run until there has been a substantial breach of the covenants of title, which in this case was on the date that the Matthew's suit, heretofore referred to, was finally determined. It has been repeatedly held under our statute (Sec. 1316 Revised Statutes 1919), that the statutory covenant of seizin, implied in the words ''grant, bargain and sell,'' is a covenant running with the

land and *where possession accompanies the deed,* given without title, the statute does not begin to run until there has been a substantial breach of covenant. [Dickson v. Desire's Admr., 25 Mo. 151; Chamblus v. Smith's Administrator, 23 Mo. 175; Leet v. Gratz, 124 Mo. App. 394, 101 S. W. 696; Falk v. Organ, 160 Mo. App. 218.]

In the latter case, wherein the facts were practically the same as in the case at bar, this court held:

"The law in this state is undoubtedly well settled that the covenant of seizin of an indefeasible estate in fee simple is a covenant *in praesenti* and is broken the moment of its creation provided the title of the covenator is totally defective and he has no estate or possession whatever in the land, and in such cases the covenants of seizin between the parties are personal and collateral to the land. If, however, any estate passes by the conveyance, or the covenantee takes actual possession of the land, such estate or possession will be sufficient to carry the covenants and such covenants will run with the land; and in such case, the covenants would be substantially breached when the covenantee was deprived of the estate conveyed or when he was ousted from actual possession of the land by the holder of the paramount title. In this case the facts indisputably show that the defendants were not at the time of the execution of the deed to the plaintiff, the owners of the west one-half of the northwest quarter of section 17, township 32, range 3, the land conveyed, and were not in possession thereof, never put the covenantee in possession, and had no title or interest therein. Hence the covenant of indefeasible seizin was broken as soon as made and the plaintiff was entitled to recover the purchase money with interest from the date of its payment and the execution of the deed. [Adkins v. Tomlinson, 121 Mo. l. c. 495, 26 S. W. 573; Evans v. Fulton, 134 Mo. 653, 36 S. W. 230; Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142; Kirkpatrick v. Downing, 58 Mo. 32; Murphy v. Price, 48 Mo. 247; Webb v. Wheeler, 17 L. R. A. (N. S.) 1178.] It therefore follows that at the time of the execution of the deed containing the covenants of warranty on the 7th day of November, 1885, the covenantors having no estate, title or possession of the land conveyed, the covenantee received absolutely nothing by his purchase, and the covenant of seizin was breached technically and substantially on that day, and the Statute of Limitations commenced to run from that time."

The same ruling was made as to a covenant of warranty in a deed in Frank v. Organ, 167 Mo. App. 493. The most recent decision on the question is that of Rainey v. Davidson, 26 S. W. (2d) 841, by the Kansas City Court of Appeals, wherein it was said: "It has been held repeatedly that, where a grantor, when making and delivering a deed, is not in possession of a part of the property therein described, and has no title to it, his covenants of warranty and seizin are broken as soon as made. The right of action accrues on delivery

of the deed, and the statute of limitations runs from the earliest time at which an action could be brought. [Boyd v. Buchanan, 176 Mo. App. 56, 162 S. W. 1075."] l. c. 842.

This decision followed the authority of our Supreme Court which announced the same doctrine in the case of Adkins v. Tomlinson 121 Mo. 495. We have failed to find a departure from this rule in any of the Missouri cases. It is significant that in those cases wherein the grantor had neither title nor possession of the premises conveyed, at the time the deed was delivered, and wherein the grantee was not placed in possession, no distinction seems to be made between the covenants of seizin and warranty. But, as we understand it, if the grantor has title, though it be a defeasible title, then the question of possession or "livery of seizin" goes out of the case, since our recording act makes the record of a deed take the place of the ancient ceremony of "livery of seizin." [Chambers v. Chambers, 227 Mo. 263, l. c. 283.]

But where there is neither title nor possession, all the statutory covenants of title are broken when made and the cause of action immediately accrues. The rule has been expressed as follows: "The covenant of warranty is a covenant in future and runs with land. It is of course presupposed that the covenantor has title in order to create a covenant of warranty that shall run with the land, or that possession passes or is taken at the time of the conveyance." [7 R. C. L. p. 1143.] This same authority lays down the principle that, "if no possession or right passes to the grantee under the conveyance, then the covenants of seizin and general warranty are broken at once, and a right of action immediately accrues to the grantee which must be prosecuted within the statutory period of limitation." [7 R. C. L. page 1187.]

It is said that the case of Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142, modifies this doctrine by eliminating the requirement of possession under such circumstances. But the Kennedy case goes no further than to hold that even where the covenant of seizin is broken upon delivery of the deed, it continues to be a covenant running with the land, which may be assigned by deed to a subsequent grantee. The question of the statute of limitations therefore does not arise in that case and the rule as to the time when the causes of action accrues was not changed. It follows that under the admitted facts and the well settled rules of law in this state, the judgment must be reversed. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.