## ORCHARD, Plaintiff in Error, v. LUCY T. COLLIER.

### Division Two, January 9, 1903.

1. **Evidence:** AGENCY: COMPETENCY OF HUSBAND OR WIFE. The husband is a competent witness to establish his agency for his wife, and she is also a competent witness to establish the fact that she is the agent of the husband.

2. ———: ———: ———: EXTENT OF SUCH TESTIMONY: RESULTING TRUST. While the husband is a competent witness to establish the fact that he was the agent of his wife in handling and investing money inherited by her, he is not competent to testify to things not done by him for her as her agent. He can not, for instance, testify that at the time he sold some of her property he was insolvent, that he owed her some money for property of hers he had sold, that she had inherited property from her father, that he had used that money in his business, that at the time he had bought the property in suit and had it deeded to himself he was in a solvent condition, but insolvent when he deeded it to her, for none of these things have any connection with his agency.

3. ———: ———: RESULTING TRUST. Where the issue is whether the land, sold under execution against the husband, belonged to him or his wife, and he testifies that in purchasing the property and transferring it to her he had acted as her agent, it is proper, as throwing light on the question of his agency, to inquire to whom other notes, the proceeds of which went to buy the property in question, were made payable, whether to him or to her.

4. ———: COPY OF DEED. Before the record or a copy of a deed can be introduced in evidence it must appear that the original is lost or not within the power of defendant to produce it. Where a de- or not within the power of the party offering the record or copy to produce it. Where a defendant or defendant's agent testifies that

he usually kept such deeds in a trunk and he does not testify that he
made search in that trunk for the deed, there has been no such
showing as will permit a copy of the record to be introduced by
him in evidence.

5. **Fraudulent Conveyance:** DEED TO WIFE: PRESUMPTION. The pre-
sumption is that property obtained by the wife was paid for by
the husband's money. And unless such presumption is rebutted it
will be held that his deed conveying such property to her was with-
out consideration, and therefore void as to creditors. .

Error to Shannon Circuit Court.—*Hon. W. N. Evans,*
Judge.

REVERSED AND REMANDED.

*James Orchard, pro se; W. R. Shuck* and *Ed. G.
Saye* of counsel.

(1)   The court erred in permitting W. F. Collier
to prove his own agency for his wife, the defendant
herein.   There is no reason why the defendant should
not or could not have been present and testified in her
own behalf.   She, no doubt, could have thrown some
light on the subject.   Basye v. Railroad, 65 Mo. App.
476, and authorities cited; Scrutchfield v. Sauter, 119
Mo. 615; Sanford v. Pollock, 105 N. Y. 450.   (2)   The
court erred in permitting the husband to testify to any-
thing not coming within his agency.   He says his wife
inherited $200 from her father's estate, but he does not
say whether it was after or before their marriage, or
how he came to have possession of it.   This evidence
was clearly inadmissible.   The wife was a competent
witness and could have testified to the amount of money
received, how received, and what disposition she made
of it.   Plaintiff's objection should have been sustained.
(3)   Because of the relation existing between husband
and wife and the opportunities for coercion and evasion,
it is held that the evidence of his agency, whether it is
said to be established by the wife's prior appointment
or subsequent ratification, must be clear, convincing
and satisfying, and sufficiently strong to explain and
remove the equivocal character in which the wife is

placed.    Mechem on Agency, sec. 63, and notes.    (4) Before defendant in this case could recover she should file an answer setting up the fact that the land was hers, bought with her separate means and prove it, and not having done so the court should have found for the plaintiff.    Snyder v. Free, 114 Mo. 360; Huston v. Tyler, 140 Mo. 259.    (5)    (a)    In the absence of evidence that property in the name of a married woman, acquired during coverture, has been paid for by her separate means, the presumption of law is that it was paid for with those of her husband, and in such case it is not within the protection of the statute securing to the wife the money arising from the sale thereof.    (b)    The promise of the husband to repay his wife the proceeds of land which belonged to her (in this case a debt which he owed for money used) but not as her separate estate, and which has been disposed of and used by him with her consent, is without sufficient consideration to make her his creditor.    Sloan v. Torry, 78 Mo. 623; Croak v. Tull, 111 Mo. 290.    (6)    It was error to permit defendant to introduce certified copies of deed without showing the loss or destruction of the original, and in this case there was no evidence that defendant did not have the original in her possession.    West v. West, 75 Mo. 204; Morton v. Heidorn, 135 Mo. 608; Hoskinson v. Adkins, 77 Mo. 537.

*Silver & Brown* for defendant in error.

(1)    W. F. Collier was a competent witness for his wife, Lucy T. Collier, the defendant, under the provisions of section 8922, Revised Statutes 1889 (R. S. 1899, sec. 4656), providing that no married man shall be disqualified as a witness in all matters of business transactions, where the same were had with or conducted by him as the agent of the wife.    And it was competent for the husband to establish his agency for his wife by his own testimony.    Leete v. State Bank, 115 Mo. 184; Young v. Martin, 152 Mo. 668.    Section 8922, supra (sec. 4656, R. S. 1899), makes either husband or wife competent as a witness in a suit by or

against the other, upon the conditions therein named, although not a party to such suit, and there is nothing in Scrutchfield v. Sauter, 119 Mo. 615, to the contrary. (2)   It was competent for W. F. Collier (husband of defendant in error) to testify as to the source from which his wife received the $200, and it makes no difference whether it was received by her before or after her marriage to him.   He sold property belonging to her in 1886, 1887 or 1888, and at that time he says that he was solvent.   The property so sold belonged to Mrs. Collier, and the testimony shows that about the time he built the property in controversy at Birch Tree, he collected the money on the notes given for the deferred payments on the sale of the Thayer property belonging to her.   There was no reduction of the wife's money to possession by W. F. Collier within the meaning of the statute.   R. S. 1889, sec. 6869; R. S. 1899, sec. 4340. The proceeds of the sale of the Thayer property, and the property in which such proceeds were invested were her separate property, and so remained.   The husband held it in trust for her and properly conveyed it to her. Scrutchfield v. Sauter, 119 Mo. 615.   (3)   The answer is a general denial ''of each and every allegation'' contained in the petition, and put in issue every allegation therein contained, and was sufficient.   Snyder v. Free, 114 Mo. 362.   (4)   The sixth and last point made by plaintiff in error is not well taken.   He introduced the deed of W. F. Collier and wife to Arthur F. Collier, and also the deed of the latter to Lucy T. Collier.   As to the deed to Mrs. Collier to the Thayer property, W. F. Collier's testimony sufficiently shows that he made search for the deed and could not find it.   The certified copy from the records in Oregon county was, therefore, admissible.

BURGESS, J.—The petition in this case is in two counts, one in equity to set aside certain deeds under which defendant claims title to the land in question, upon the ground that they were made to defraud the creditors of the grantor therein named, and the other in

ejectment for the possession of the land.

The petition leaving off the caption is as follows:

"Plaintiff states that on March 15, 1894, one Agnes Collier recovered a judgment in the circuit court of Shannon county, Missouri, against W. F. Collier for the sum of $388 as her debt, together with her costs laid out and expended upon which judgment execution issued from the clerk's office of said court in favor of the said Agnes Collier and against the said W. F. Collier, dated June 18, 1894, directed to the sheriff of the county of Shannon, and State of Missouri, and the same was to said sheriff delivered on June 18, 1894. By virtue of which said execution the sheriff did, on June 18, 1894, levy upon and seize all the right, title, interest and estate of the said W. F. Collier, of, in and to the following described real estate, situate in said Shannon county, to-wit: The east half of lot three in block two, of the original town of Birch Tree, in Shannon county, Missouri. That said sheriff on September 12, 1894, and during the session of the circuit court at the September term, 1894, of said court, at the courthouse door in said county, having first given twenty days notice of the time, terms and place of sale, and of the property to be sold, offered said real estate for sale at public auction for ready money and did sell all the right, title, interest and estate of the said W. F. Collier. And the plaintiff herein, being the highest and best bidder for said real estate, at the price and sum of $125.25, the same was stricken off and sold to the plaintiff. That said sheriff duly executed, acknowledged and delivered to the plaintiff a sheriff's deed to the whole of said lands, and that the plaintiff is now the owner of all the right, title, interest and estate of the said W. F. Collier in and to the said real estate. Plaintiff states that at the rendition of said judgment, and for a long time prior thereto, W. F. Collier was wholly insolvent, and had no property, real or personal, except the property above described, upon which an execution could be levied, and that he was largely in debt on the date of the rendition of the judgment and long prior thereto. That on Feb-

ruary 13, 1894, W. F. Collier, wickedly and fraudulently, and with intent to cheat, hinder and delay his creditors, and especially Agnes Collier above described, made, executed and delivered a general warranty deed pretending to convey the said east half of lot three in block two of the original town of Birch Tree, Missouri, to Arthur F. Collier, his son, in trust for Lucy T. Collier, wife of W. F. Collier. Said deed was duly recorded in the recorder's office of Shannon county, Missouri, in deed record book 32, at page 156, on May 31, 1894. Which said deed was without consideration, and was in fraud of creditors, and especially as to Agnes Collier, the judgment creditor as above set out. Wherefore plaintiff prays the court for judgment setting aside said deed from W. F. Collier to Arthur F. Collier, trustee for Lucy T. Collier, dated February 13, 1894, and recorded May 31, 1894, in the office of the recorder of deeds of Shannon county, Missouri, in deed record book 32, at page 156, and that said deed be cancelled, declared void and for naught held.

"Plaintiff further states that Arthur F. Collier, on February 13, 1894, made, executed and delivered a warranty deed to Lucy T. Collier, conveying said east half of lot three in block two of the original town of Birch Tree, Shannon county, Missouri, for her exclusive use and benefit, which said deed is duly recorded in deed record book 32, at page 157, in the office of the recorder of deeds of Shannon county, Missouri. Which said deed is without consideration and is also fraudulent as to the creditors of W. F. Collier, and especially Agnes Collier, the judgment creditor herein described. Wherefore plaintiff prays the court for judgment declaring said deed fraudulent and void, and that the same be set aside, cancelled and for naught held.

"Plaintiff states that Arthur F. Collier is a son of W. F. Collier and that Lucy T. Collier is the wife. of W. F. Collier.

"Plaintiff for another and further cause of action states that on March 14, 1895, he was lawfully entitled to the possession of the following described real estate,

to-wit, the east half of lot three in block two of the original town of Birch Tree, in Shannon county, Missouri, and being so entitled to the possession thereof, the defendant, on March 15, 1895, entered into and took possession of said premises, and unlawfully withholds the possession thereof from the plaintiff, to the plaintiff's damage, in the sum of one hundred dollars. That the monthly rents and profits of said property is ten dollars. Wherefore plaintiff prays judgment for the possession of said property, and for damages in the sum of one hundred dollars, and for monthly rents and profits at ten dollars per month, and for such other and further relief as the court may think proper.''

The answer is a general denial.

There is no disagreement about the facts which are stated by plaintiff to be as follows:

W. F. Collier, the husband of the defendant Lucy T. Collier, was in business at Summerville, Missouri, for several years. He moved from there to Thomasville and was in business there. All this time, and up to 1883 or 1884, he was doing business in his own name; then he went to Thayer, Missouri, and purchased a lot for $150, and had the lot deeded to the defendant herein. He claims that about eight or ten years before that his wife inherited about $200 from her father's estate, and that he had charge of it, and that he had the lot deeded to her to pay back what he owed her; that after buying the lot and having it deeded to her he built a business house on the lot with his own means; that subsequently he sold the house and lot and went back to Thomasville and carried on business there for quite a while, up to 1888, when he went to Birch Tree, Missouri, and bought the property in question. The deed was made to him directly and accepted by him, and he had it recorded in his own name, and kept it in that shape until February 13, 1894, when he deeded it to his son, Arthur F. Collier, and on the same day, February 13, 1894, Arthur F. Collier deeded the property to his mother, Lucy T. Collier, defendant, which was just before the judgment in favor of Agnes Collier was rendered in the circuit

court of Shannon county, Missouri, against W. F. Collier, which judgment was rendered March 15, 1894, for $388.32. He admits that he was insolvent at that time. It further appears from his evidence that all these years W. F. Collier had used his wife's money, the $200, in his business, kept no account of it, but mingled it with his own money, and never did render a statement or keep any account of it. He also says he used a portion of the money before he came to Summerville, for necessaries for the family, how much he does not state. He also had a residence in Birch Tree, which he deeded to his wife, the same as the property in question.

On September 15, 1892, W. F. Collier, husband of defendant herein, executed his note for $346.63 to Agnes Collier, upon which judgment was rendered in the circuit court of Shannon county, March 15, 1894, for the principal, $346.63, and the interest $41.69, total $388.32. The land was seized and sold to satisfy this judgment, March 14, 1895, at which sale the plaintiff, James Orchard, became the purchaser and received a sheriff's deed therefor, and this suit is instituted to set aside the deed from W. F. Collier to Arthur F. Collier, and to declare Lucy T. Collier the trustee for W. F. Collier, and to subject the property to the payment of this debt. On a trial in the circuit court of Shannon county, Missouri, the court found the issue for the defendant, and so rendered judgment, from which the plaintiff has brought the cause to this court, on a writ of error, for review.

W. F. Collier, husband of defendant, testified as a witness in her behalf without objection, that he was insolvent at the time alleged in the petition, and that he hadn't a thing in the world, whereupon plaintiff objected to the witness further testifying, upon the ground that he was the husband of defendant, which objection was overruled, and plaintiff duly excepted. The witness then stated that he owed his wife some money for the property he sold of hers at Thayer in 1887 or 1888, in 1886, perhaps; that he had her money and had it in use and was using it when they constructed

the building at Birch Tree. That they sold the property, which was hers; that there were deeds then that show the property was hers. That when he bought the property at Birch Tree, he bought it from C. E. Roark, with the understanding that he was to have the east half of it. That he bought the lot from Mr. Biffel or the railroad company, and was to have the east half and Biffel was to have the west; that it was his intention to have the deed made to his wife from Mr. Roark, but it wasn't done, but was made to him, and that he built the property as it now stands on that half lot. That the records would show that he bought it about 1889, that he didn't remember the date, it was in 1890 perhaps; a short while after he went to Birch Tree in 1888, perhaps the year after he went there. That he hadn't the deeds there; that it wasn't later than 1890, and that he thought it was in 1889. That it was in 1886, or 1887; the deed is there, he thought the deed was there, that would show when it was done. That at the time he sold the Thayer property he was not in a solvent condition. That he was perhaps in debt some, but then he was solvent. That at the time he built the property at Birch Tree, he had her money, did not know that it was that specific property that he got with that money; that he had her money using it in the business he was engaged in there. That he didn't collect the money on the Thayer property until after they went to Birch Tree; that he sold it on credit, and about the time he did this building he collected the money; that he sold the property for $500. Witness then stated that he had transacted his wife's business and acted as her agent, and had done all of her business.

Plaintiff then moved the court to strike out all of the witness's testimony as incompetent and irrelevant, as he is not competent to testify in his wife's interest in the case, and no agency has been shown, and that the witness could not testify as to his own agency in the case. The motion was overruled, and exceptions duly saved.

It is claimed that the court erred in permitting W.

F. Collier to prove his own agency for his wife, the defendant. Ever since the case of Leete v. Bank, 115 Mo. 184, was decided, it has been ruled by this court that a husband or wife is competent to establish his or her own agency (Long v. Martin, 152 Mo. 668; Smith v. Wilson, 160 Mo. 657; Reed v. Peck, 163 Mo. 333), so that it can not longer be considered an open question in this State.

While it was proper to establish the agency of W. F. Collier for his wife, by him, and he was competent to testify to acts done by him in the purchase and sale of property as her agent (sec. 8922, R. S. 1889), his disqualification which exists at common law by which the husband and wife are not permitted to testify for or against each other, was not removed by that or any other statute, so that, the court erred in permitting him to testify to things not done by him as the agent for defendant; for instance, that at the time he sold the Thayer property for her he was not in a solvent condition; that he was, perhaps, in debt some, but then he was solvent; that he owed his wife some money for the property he sold of hers; that his wife inherited some money from her father, a couple of hundred dollars, something like that, in personal property; that he had been in business at that time using her money, that at the time he went to Birch Tree and purchased the property in question and had it deeded to defendant, he was in a solvent condition but was pretty shakey at the time he deeded it to her, and many other statements of a similar character, having no connection with his agency.

It seems strange that this witness was not asked to whom the note or notes given by the purchasers for the Thayer property, were made payable, for, since he testified that he thereafter collected those notes and invested the proceeds in the Birch Tree property, an answer to that inquiry might have thrown some light upon the question as to whether or not the witness was, with respect thereto, the agent of defendant.

It is said that the court committed error in admitting in evidence a certified copy of the deed from George

H. Nettleton to Mrs. Collier for the Thayer property without first showing the loss or destruction of the original. It is well settled that a copy of a deed is not admissible in evidence, unless the absence of the original be accounted for, unless it be "shown to the court by the oath or affidavit of the party wishing to use the same, or of any one knowing the fact, that such instrument is lost, or not within the power of the party wishing to use the same." [Sec. 2428, R. S. 1889.] "The statute makes no provision for reading the record, or a copy, without first accounting for the nonproduction of the original. Neither at common law, nor under the statute, was the copy admissible in evidence until the proper foundation therefor had been laid." [Pierce v. Georger, 103 Mo. 540; Crispen v. Hannavan, 72 Mo. 548; Christy v. Kavanagh, 45 Mo. 376; Strain v. Murphy, 49 Mo. 340; Hoskinson v. Adkins, 77 Mo. 538; Greenleaf Ev., sec. 558.]

With respect to the loss or destruction of this deed, W. F. Collier testified: "I didn't think I had the deed from Nettleton to defendant, that it might be among my papers. You [alluding to his attorney] advised me to get a certified copy. I am not positive that I made search for that deed, I usually keep such papers as that in a trunk, and I know by the advice of Mr. Livingston I sent and got a certified copy of the record, and it seems to me that I was certainly confident, at that time that I didn't have the original deed. I am not positive that I made seach for it. I certainly made some effort to find the deeds or I should not have gotten these copies." It will thus be seen that there was no evidence whatever, by oath or affidavit of defendant or otherwise, that such instrument was lost or not within her power at the time she wished to use the same. Hence, the copy was improperly admitted in evidence. Moreover, from the evidence of W. F. Collier he usually kept such papers in his trunk, and it does not appear that he ever made search therein for said deed, so that it is clear that no such search was made by him for said deed as required

by law preliminary to the introduction in evidence of the copy.

W. F. Collier bought the property in question in 1888, took a deed therefor to himself and retained the title until February 13, 1894, about six years, when he conveyed it by deed to his son, Arthur Collier, who thereafter deeded it to his mother, the defendant, while the judgment under which it was sold was rendered in favor of Agnes Collier against W. F. Collier in the circuit court of Shannon county on March 15, 1894, for $388.32, it being based on a note dated March 15, 1892, being the same judgment under which the land was sold as the property of W. F. Collier, who was insolvent at the time of the execution of said deeds and remained so until after the rendition of said judgment. There was no valuable consideration for the conveyances sought to be set aside, but they were merely voluntary, and if W. F. Collier was the owner of the property at the time of their execution, which the facts and circumstances in evidence, aside from the presumption to be indulged (unless it be rebutted) that property obtained by a wife during coverture is paid for with the means of the husband (Gruner v. Scholz, 154 Mo. 415; Patton v. Bragg, 113 Mo. 595; Crook v. Tull, 111 Mo. 283; Sloan v. Terry, 78 Mo. 625) tend strongly to show, they were absolutely void as to his creditors.

For the reason indicated the judgment is reversed, and the cause remanded.   All concur.