F. D. CLOSE, Appellant, v. JESSE HURST, Respondent.

**Springfield Court of Appeals, November 10, 1910.**

1. **WITNESSES: Husband and Wife: Evidence: Agency of Wife.** The agency of the wife or husband for the other, may be established by the testimony of the one claiming to have acted as agent for the other.

2. **EVIDENCE: Written Instrument: Destruction: Secondary Evidence.** The printed warranty which was given with the goods purchased by defendant had been partially destroyed, and defendant testified as to the contents of the destroyed portion. Defendant afterwards identified a paper in the hands of plaintiff as a copy of the printed warranty. Plaintiff then requested the court to strike out defendant's testimony of the contents of the instrument. *Held,* that the trial court properly refused to strike out this testimony, as it was competent, although plaintiff could have introduced the printed copy to show what the warranty actually contained.

3. **REPLEVIN: Sale of Personalty: Warranty: Chattel Mortgages.** Where plaintiff had given a warranty with the property sold, and had taken a mortgage on the property to secure the balance of the purchase price, but the property did not conform to the warranty, *held,* that defendant was entitled to have offset the amount of his damages for breach of warranty, against any claim plaintiff might make for the balance due, and when it is made to appear that the damages resulting to defendant was equal to or greater than the balance due on the mortgage, this would extinguish plaintiff's right to take the property under the mortgage.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*Horace Merritt* for appellant.

(1)   To make the wife a competent witness, the transaction must be had and conducted by the wife as agent of her husband. Hearle v. Kreihn, 65 Mo. 205; Lyan v. Hockaday, 162 Mo. 122; Wilden v. McAllester, 91 Mo. App. 451; Bank v. Wright, 104 Mo. App. 242; Orchard v. Collier, 171 Mo. 399; Fishback v. Harrison, 137 Mo. App. 668; Gardner v. Railroad, 124 Mo. App. 461; Kee v. Freeman, 125 Mo. App. 717; Kuenzen v. Stevens, 155 Mo. 286. (2) The court over the objection of the plaintiff permitted the defendant to testify to a verbal or oral warranty, after swearing that a printed warranty was given.   This was error as parol evidence cannot be given to contradict or vary the written or printed warranty.   The instrument, itself, must be looked to to ascertain the contract and the intention of the parties. ` Standard Fire Proofing Co. v. Fire Proofing Co., 177 Mo. 572; Reigart v. Coal & Coke Co., 217 Mo. 142; Laclede Construction Co. v. Moss, 185 Mo. 25; O'Brien v. Ash, 169 Mo. 283; Mechanics Bank v. Perry, 67 Mo. App. 12; Harrington v. Commission Co., 107 Mo. App. 418; Nevel v. Hughes, 104 Mo. App. 455; Howard v. Scott, 98 Mo. App. 509; Wishart v. Gerhart, 105 Mo. App. 112.

*A. G. Young* for respondent.

COX, J.—Action in replevin for possession of a stove and sewing machine.   Action begun before a justice of the peace, appealed to the circuit court, where, upon trial before a jury, a verdict was returned in   favor   of   defendant   and   plaintiff   has appealed.   The plaintiff had sold the articles in question to defendant upon the installment plan and defendant was to pay one dollar each week until the amount of the purchase price had been paid.   He had paid a large part of the purchase price when the

payments ceased and the plaintiff replevied the stove and machine under chattel mortgages that were taken to secure the purchase price at the time of the sale. The defense was that the articles sold had been warranted and that they were not as warranted, and asked that the damages to which defendant was entitled for a breach of the warranty be offset against the claim of the plaintiff. At the close of the testimony the court instructed the jury that if defendant executed the notes and chattel mortgages and had not paid for the articles in full and plaintiff had made demand for possession of the property which had been refused then they should find for the plaintiff, unless they should further believe from the greater weight of the testimony that plaintiff had guaranteed the property in the particulars shown in the evidence, and that the stove and machine did not conform to the guaranty, then if, in that event, they should believe that the damages defendant suffered thereby were equal to or greater than the amount due the plaintiff on the notes, they should find for the defendant.

During the progress of the trial the wife of defendant was offered as a witness in his behalf, and was allowed to testify over the objection of plaintiff. The defendant had previously testified that he made his wife his agent to look after having repairs made on the stove and the machine. The wife also testified that her husband had directed her to have this done. It is now insisted that the wife could not testify as to her own agency for her husband. In some early cases in this state such was held to be the law, but they have been overruled and the rule is now firmly established that the agency of the wife or husband for the other may be established by the testimony of the one claiming to have acted as agent for the other. [Reed v. Peck, 163 Mo. 333, 63 S. W. 734; Orchard v. Collier, 171 Mo. 390, 71 S. W. 677.] It is further contended that the wife was permitted to tes-

tify in relation to matters outside of those in which she acted as agent for her husband. We have carefully examined the testimony in this case and our conclusion is that this contention is not borne out by the facts. The trial court restricted her testimony to those matters in which she acted as agent for her husband, and no error was committed in that particular.

It seems that at the time the machine and stove were sold to defendant that printed warranties were furnished by the plaintiff, and at the time of the trial one of these had been partly destroyed, and defendant was permitted to testify as to the contents of the portion which had been destroyed. On cross-examination counsel for plaintiff presented to defendant a paper and asked him if it was not a copy of the warranty. Defendant testified that he thought it was. Thereupon the plaintiff asked the court to strike out the testimony given by defendant as to the contents of the warranty which had been furnished him and had been partially destroyed. This the court refused to do, and plaintiff now assigns this as error. There was no error committed in this respect. Upon proof by defendant that the warranty furnished him had been partially destroyed it was competent for him to testify as to its contents. The fact that it afterward developed that the plaintiff had in his possession a copy of the warranty did not render this testimony incompetent nor make it incumbent upon the court to strike it out after it had been given. If defendant, in his testimony, did not give the contents of the warranty correctly and plaintiff had an exact copy he could have offered his copy for the purpose of contradicting the defendant and also for the purpose of showing what the warranty given actually contained, but the fact that plaintiff might have offered this testimony did not render the testimony already given by the defendant incompetent, and hence, there was no error committed by the court in refusing to strike it out.

After the verdict was rendered, plaintiff filed a motion for judgment notwithstanding the verdict, and now contends that this motion should have been sustained for the reason that defendant could not in this case recover from plaintiff damages for a breach of the warranty, if one existed. It will be observed that the court did not submit to the jury the question of allowing defendant judgment over in case the amount of damages should exceed the amount due on the note, but only allowed the defendant to assert these damages for the purpose of defeating plaintiff's cause of action. We can see no reason why this should not be done. This action was one in replevin under a chattel mortgage and to entitle plaintiff to recover it must appear that the debt secured by the chattel mortgage had not been fully paid. If it be true that plaintiff had given the warranty with the property sold and the property did not conform to the warranty, defendant was entitled to offset the amount of his damages against any claim plaintiff might make for the balance due; and when it was made to appear that the damages resulting to defendant from a breach of the warranty was equal to or greater than the amount unpaid on the note this would make it clear that the debt secured by the chattel mortgage had been paid, and hence would extinguish plaintiff's right to take the property under the mortgage.

The respondent has filed no brief in this court, and after a careful examination of the record in this cause, our conclusion is that no error was committed in the trial thereof, and the judgment will, therefore, be affirmed. All concur.