# CLARA TREMAIN, Respondent, v. JOHN C. DYOTT, Appellant.

**Springfield Court of Appeals, January 8, 1912.**

1. **BONDS: Action Against Joint Obligor: Sufficiency of Evidence.** In an action against the surviving joint obligor on a bond, the evidence is examined and *held* sufficient to justify the finding for plaintiff.

2. **CONFLICT OF LAWS: Contracts: Lex Loci Contractus.** Matters bearing upon the execution, interpretation and validity of a contract are to be determined by the law of the place where it is made.

3. ————: ————: **Lex Fori.** Matters respecting the remedy such as the bringing of suit, rules of procedure governing the trial, admissibility of evidence, and statutes of limitation, depend upon the law of the place where the suit is brought.

4. **PRACTICE: Evidence: Objections.** Objections and exceptions to the admission of incompetent evidence must be made at the time the testimony was offered; unless so made the objections are waived.

5. ————: ————: **Depositions: General Objection.** A general objection to a deposition as a whole, is bad, if any of the testimony in the deposition is proper.

6. ————: ————: ————: **Instructions.** A party cannot save his exceptions to the admission of incompetent evidence by instructions.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*O. F. Wayland, J. P. Swaim* and *M. E. Morrow* for appellant.

(1) Plaintiff was incompetent under our law to testify to any fact concerning this transaction, because of the death of Geo. W. Neily, with whom plaintiff had all the transactions concerning the matters sued on in this action. Crow v. Crow, 124 Mo. App.

120; Williams, Admr. v. Perkins, 83 Mo. 379; Butts, Admr. v. Phelps, 79 Mo. 302. (2) After excluding plaintiff's testimony there is absolutely no evidence left to support the verdict of the court. (3) The judgment will be reversed when the action of the trial court is bound to be erroneous in respect to either of two branches of the defense. Linz v. Ins. Co., 8 Mo. App. 363. (4) The judgment will be reversed when the verdict is manifestly against the law and evidence. Ackley v. Staeplin, 56 Mo. 558. (5) Where there is no substantial evidence to support the verdict, the judgment will be reversed. Joy v. Cole, 124 Mo. App. 569; Daniels v. Railroad, 130 Mo. App. 213; Matousek v. Union, 192 Mo. 588; Spiro v. Transit Co., 109 Mo. App. 1; James v. Ins. Co., 148 Mo. 1. (6) Where the court, sitting as a jury, tried a case on a certain theory of law, the judgment cannot be permitted to stand if there is no support in the facts for the judgment. Flynn v. Wacker, 151 Mo. 545; Moore v. Railroad, 73 Mo. 438; Bray v. Kremp, 113 Mo. 552.

*Green & Green* for respondent.

NIXON, P. J.—This was an action brought on June 24, 1908, by Clara Tremain, in the Howell county circuit court against John C. Dyott, the surviving joint obligor in a bond executed to plaintiff on January 25, 1904, at Elmira, New York. The prayer in the plaintiff's petition was for $1,825 with interest. Upon trial before the court sitting as a jury, plaintiff was awarded judgment for $1,200 and interest in the sum of $210, making a total of $1,410. Defendant has appealed.

The bond sued on in this action is as follows:

"Know all men by these presents, That we, Geo. W. Neily and John C. Dyott, both of Elmira, N. Y., are held and firmly bound unto Clara Tremain in the sum of $1,825, lawful money of the United States

to be paid to the said Clara Tremain, her executors, administrators or assigns. For which payment to be made we bind ourselves, our heirs, executors and administrators firmly by these presents. Sealed with our seals and dated this 25th day of January, 1904.

"The condition of the above obligation is such that if the said Clara Tremain, her executors or administrators shall suffer damage in the sale of certain real property purchased by her of George W. Neily in Shannon county, Missouri, then the above bounden parties will refund and pay to the said Clara Tremain the amount so damaged provided however, that the said Clara Tremain shall leave the said property in the care and control of said George W. Neily, or his agents, who shall have the exclusive right in selling and disposing of the same, the amount to be received however less the expense and cost of the sale to be turned over to the said Clara Tremain, her executors or administrators, then the obligation herein to be void, otherwise to remain in full force and effect.

"GEO. W. NEILY,
"JOHN C. DYOTT."

(Then follows a notary's acknowledgment.)

The plaintiff copied in her petition an agreement purporting to have been entered into between herself and George W. Neily on January 25, 1904. This written agreement, which was read in evidence without objection, recites that it was entered into on said date in the state of New York, between George W. Neily of Elmira, New York, and Clara Tremain of Westfield, Pennsylvania, providing that where as Neily had purchased an undivided one-half interest in certain lands in Shannon county, Missouri, comprising some 4,130 acres, and whereas Clara Tremain desired to purchase an undivided one-third interest in said undivided one-half interest, for the sum of $1825, it was agreed that upon payment of said amount Neily would

convey to her such an interest, and that Clara Tremain should become a joint owner in said property, she agreeing to pay her share of the expenses, attorneys' fees, taxes, and other disbursements expended by Neily in caring for or selling or retaining said property; and she therein appointed Neily her attorney to sell and dispose of said property at such a figure as he (Neily) should deem advisable, it being understood that the figure would be a fair profit over and above the expenses and purchase price; and it was agreed that in case a sale was made, she was to receive her share of the increase. This agreement was signed by George W. Neily and Clara Tremain. It is merely an agreement to convey. No deed or other evidence was introduced to show that the conveyance was ever actually made. On the contrary, it appears from defendant's testimony that he and Neily had bought the land in Shannon county over a year before the date of the execution of the bond; that they bought it through Mr. Hogan of the West Plains Bank, the price being $10,644.50; that he and Neily were to each pay half, but before the deal was closed Neily became involved in labor troubles in New York which tied up his accounts, and that he (Dyott) paid the entire amount and took the title in his name and that Neily never had any record title; that Neily never put any money into it until a short time before it was sold when he put in $2344.25; that the land was sold with Neily's consent for $13,000 and that he (Dyott) made the deeds. The time of the sale is not fixed, but Neily died on October 25, 1905, and it was before that time. Defendant also testified that he had paid to George W. Neily as agent of Clara Tremain the full amount of the bond, stating that after the sale was made he gave Neily one check for $500 and another for $100. The deposition of Neily's banker was read wherein it was shown that such checks were deposited by Neily to his credit.

Evidence was introduced by the plaintiff showing the law of the state of New York (where the bond sued on was executed) concerning the liability of surviving joint debtors, to meet a count in defendant's answer charging defect of parties in that the personal representatives of George W. Neily were not joined as parties defendant.   The rule is, that matters bearing upon the execution, interpretation, and validity of a contract, are to be determined by the law of the place where it is made.  [Hartmann v. Railway Co., 39 Mo. App. 1. c. 93; Johnston v. Gawtry, 83 Mo. 339; Sallee v. Chandler, 26 Mo. 124; Phoenix Mut. L. Ins. Co. v. Simons, 52 Mo. App. 357; Kerwin v. Doran, 29 Mo. App. 397.]   But matters connected with its performance are regulated by the law prevailing at the place of performance.   Matters respecting the remedy, such as the bringing of suits, rules of procedure governing the trial, admissibility of evidence, and Statutes of Limitation, depend upon the law of the place where the suit is brought.  [Scudder v. Bank, 91 U. S. 406, cited in Thompson v. Traders' Ins. Co., 169 Mo. 1. c. 29, 68 S. W. 889; Broadhead v. Noyes, 9 Mo. 56; Dorsey v. Hardesty, 9 Mo. 157; Carson v. Hunter, 46 Mo. 467; and for a full treatment of this subject, see Ruhe v. Buck, 124 Mo. 178, 27 S. W. 412.]

The appellant's assignments of errors are as follows:  "(1) The court erred in admitting incompetent, and irrelevant evidence on behalf of plaintiff over the objection of the defendant.   (2) The court erred in refusing to sustain defendant's demurrer to plaintiff's evidence.   (3) The court erred in refusing to find for the defendant at the close of all the evidence."

The defendant's demurrer to plaintiff's evidence having been overruled and the defendant having put in his evidence, he thereby waived such demurrer. [Lohnes v. Baker, 156 Mo. App. 397, 137 S. W. 282.]

So there are only two alleged errors for the consideration of this court, namely, the first and third. Under the first, the objection is leveled in appellant's argument and brief at the admission of plaintiff's deposition in evidence, defendant contending that without said deposition there is absolutely no evidence to support the plaintiff's judgment and that consequently the finding should have been for the defendant. The contention of defendant is that the plaintiff's deposition was incompetent for any purpose because of the death of George W. Neily, one of the signers of the instrument sued on, he having been the one with whom plaintiff had all her transactions, and that if said deposition had been excluded by the trial court as it ought to have been, there was nothing left on which to base a judgment for plaintiff.

At the time the plaintiff's deposition was offered in evidence, the record shows the following proceedings: "Defendant objects to the reading of the deposition of Clara Tremain for the reason that the co-obligor, George W. Neily, is dead, and that all transactions and the whole business concerning which this bond is related was conducted with the said George W. Neily, who is now dead, and that this agreement was made with George W. Neily, now dead, in the absence of defendant, Dyott, and therefore, Clara Tremain is not a competent witness for any purpose." Upon this objection being made, the following appears of record: "Which objection was by the court *sustained*, except to answers denying statements attributed to her since the death of her husband, to which ruling the *plaintiff* excepted at the time." It will therefore be seen that the trial court held that part of the deposition was competent, namely, that part in which plaintiff denied statements attributed to her since the death of her husband. The objections of the defendant were made to the deposition *in toto*. "If there be any proper testimony in a deposition a

general objection to the whole is bad. In like case a motion to strike out is bad. Now, there was matter in all these depositions objectionable as hearsay and conclusions, but there were none not containing some proper testimony. Learned counsel should have segregated the good from the bad, leveled their objections specifically at the bad, earmarking it in some distinguishable way, obtained a ruling and excepted to that ruling; or, failing to get a ruling, objected and excepted to such failure to rule. This they did not do.'' And the Supreme Court held that the proper objections not having been made, the trial court committed no error in admitting the depositions in evidence. [Ray County Savings Bank v. Hutton, 224 Mo. l. c. 50, 123 S. W. 47.] The deposition of plaintiff in the case under consideration after the ruling of the court was read in full. The defendant, having objected to this deposition as a whole, and the court having ruled that portions of the deposition were admissible, defendant should have objected to the ruling of the court and pursued the course laid down in the case last cited. The decisions of our courts have uniformly been that objections and exceptions to the admission of incompetent evidence must be made at the time the testimony is offered, and unless so made the objections are waived. [State v. McCollum, 119 Mo. 469, 24 S. W. 1021; Maxwell v. Railroad, 85 Mo. 95; State v. Gilmore, 110 Mo. 1, 19 S. W. 218.] The *plaintiff* saved exceptions to the ruling of the court, but it goes without saying that those exceptions are not available to the defendant. There were specific objections to particular portions of the plaintiff's deposition noted and appearing in the record. But whether these were made at the time the deposition was taken in Elmira, New York, by appellant's attorney, or at the time the deposition was offered in evidence at the trial, there is nothing to show. At any rate, there was no ruling by the court at the trial upon these objections. The de-

fendant in no way required the court to rule upon these objections and no exceptions were saved by him because of a refusal to rule. This condition of the record which imports absolute verity in the appellate court disposes of appellant's contention as to this deposition. The appellant's attorneys in their brief offer the following explanation: "We thought during the trial and the introduction of evidence in this case that the defendant's objection to the introduction of plaintiff's deposition was overruled. After the evidence was all introduced and the case argued, we thought from the giving of the declarations of law asked by defendant that the court had excluded the whole of plaintiff's evidence. But on return to us of the corrected bill of exceptions, we find that plaintiff's deposition is excluded in part and admitted in part." The failure of defendant to except to the ruling is in no way helped by the following declaration of law asked by the defendant and given by the court: "If the court sitting as a jury should find from the evidence in this case that the bond sued on by plaintiff was executed by one Geo. W. Neily and defendant, John C. Dyott, and that all the transactions between plaintiff and the obligors on said bond were had by plaintiff and said Neily, and that none of said transactions referred to in said bond were had between the plaintiff and this defendant, John C. Dyott, except that said Dyott signed said bond, and if the court should further find that said Neily is now dead, then in these events, the court declares the law to be that plaintiff is not a competent witness to testify to any fact against even the survivor of said obligors on said bond, that plaintiff is not a competent witness to testify to a breach of the conditions of said bond, or to any other fact relating in any way to her personal transactions with said Geo. W. Neily, deceased, and if the plaintiff has failed to make out a case against defendant by a preponderance of the evidence after excluding all the

evidence of plaintiff herself, then the verdict and finding of the court should be for the defendant.'' It is unnecessary to say that a party cannot save his exceptions to the admission of incompetent evidence by instructions. This right was denied in this state at an early date. [Maxwell v. Railroad, supra.]

Under the condition in which we find the record, no error was committed by the trial court that was properly saved for our consideration and which we can review. The plaintiff's deposition supplies all the missing links in plaintiff's chain of evidence and fairly meets all the objections raised by defendant's demurrer. It shows that she paid $1,825 to Neily under her contract of purchase. It shows that she never knew that the land had been sold and never received any portion of the purchase money for its sale. It also shows that she never made any agreement with Neily by which she loaned him any money derived from the sale of this land. There being substantial evidence tending to support the judgment, in an action for damages an appellate court is powerless to interfere and set it aside on that account. The judgment is affirmed. All concur.