CORA MAE JEFFORDS, Respondent, v. ISAIAH W. DREISBACH, Appellant.

Springfield Court of Appeals, February 3, 1913.

1. WARRANTY DEED BY NUMBER: Recorded Plat or Map. Where a lot is deeded by a certain number, which number is one of a legally platted addition to the city, the grantee has a right to rely on getting the full amount of land called for in the recorded plat or map.

168 Mo. App. 37

Jeffords v. Dreisbach.

2. ————: **Covenant of Seisin: When Broken.** When the grantor is not, at the time of making the deed, in possession of part of the property described therein and has no title thereto, his covenant of indefeasible seisin is broken as soon as the deed is made.

3. **DAMAGES: Measure of: Breach of Warranty.** The measure of damages for the breach of such a covenant is the purchase price of said part with interest from the date of the deed.

4. ————: **Costs and Expenses of Litigation: Notice.** A covenantor will not be liable on breach of his warranty for the costs and attorney's fees in a litigation between the covenantee and a third party, unless the covenantee had given the covenantor explicit and proper notice of the alleged default in the title which the deed purports to convey.

5. **AGENCY: Husband and Wife: How Established.** When the husband was sent by the wife to represent her and, as her agent, gave the notice to the covenantor, the husband is permitted to testify concerning his acts with reference to what he did in the representative capacity; and such agency may be established by the husband's testimony.

6. **EVIDENCE: Demurrer to.** Defendant waives his demurrer to the evidence by introducing his own testimony, instead of standing on the demurrer, unless the demurrer is again presented at the close of all the evidence.

Appeal from Jasper Circuit Court, Division Number Two.—*Hon. David E. Blair*, Judge.

AFFIRMED.

*George W. Crowder* for appellant.

(1) There was no representation or covenant of quantity contained in defendant's deed to plaintiff, but the defendant deeded the property by lot numbers. Hence no breach of the covenants of seizin, even though the paramount title to the strip in question was in another. Wood v. Murphy, 47 Mo. App. 539; Adkins v. Quest, 79 Mo. App. 36; Martin v. Stone, 79 Mo. App. 309; Ferguson v. Dent, 8 Mo. 667; McCreary v. Douglas, 5 Tex. Civ. App. 539. (2) The executed deed became the final and complete contractual ex-

pression of the parties, and the covenants in that instrument alone prescribed the measure of the rights between plaintiff and defendant; and the deed itself containing no covenant or warranty of any certain number of front feet in the lot in question, there was no breach of warranty. Smith v. Boroff, 156 Mo. App. 18; Corough v. Hamill, 110 Mo. App. 53. (3) In the absence of a timely and proper notice to defendant, plaintiff cannot recover in this action the costs of litigation or attorneys' fees expended in the former suit. Quick v. Walker, 125 Mo. App. 257; Hazlett v. Woodruff, 150 Mo. 534; Matheny v. Steward, 108 Mo. 73. (4) This proceeding not being based upon, nor growing out of, nor connected with any business or transaction had with the husband of plaintiff, he was not a competent witness to testify in behalf of the plaintiff, his wife, and defendant's objection should have been sustained. R. S. 1909, sec. 6359; Joplin ex rel. v. Freeman, 125 Mo. App. 717; Gardener v. Railroad, 124 Mo. App. 461; Orchard v. Collier, 171 Mo. 390.

*J. H.* and *W. E. Bailey* for respondent.

(1) It is uniformly held that where a deed described lots by numbers in an addition the recorded plat and field notes may be construed with the deed to show the dimensions of lots conveyed. 13 Cyc. 628. (2) Where no other description is given than by lot numbers in the survey of an addition to a town the authentic map of such survey is as much a part of the deed as though set out in it. Dolde v. Bodicka, 49 Mo. 98; McKinney v. Doane, 155 Mo. 297. (3) The evidence shows that plaintiff gave defendant notice that she expected him to place her in possession of the strip of ground in question and make good his warranty long before any suit was instituted by her. No particular form of notice is required and it need not be in writing. Chamberlain v. Preble, 11 Allen

(Mass.), 374; Miner v. Clark, 15 Wend. (N. Y.) 426; Somers v. Schmidt, 24 Wis. 417. (4) The defendant had proper and timely notice and is therefore liable for costs, attorneys' fees and the value of the strip of ground. Long v. Wheeler, 84 Mo. App. 106. (5) Where the possession of a portion of the land conveyed by warranty deed cannot be given by the grantor the covenant of seizin is broken at the delivery of the deed and the cause of action accrues. Foster v. Byrd, 119 Mo. App. 168; Pence v. Gabbert, 63 Mo. App. 307. (6) Nothing is better settled in this State than the proposition that the husband can prove his agency by his own testimony. Leete v. Bank, 115 Mo. 204; Smith v. Wilson, 160 Mo. 667; Orchard v. Collier, 171 Mo. 390; Reed v. Peek, 163 Mo. 333. (7) The finding of the court, the jury being waived, will not be interfered with unless there is an absence of substantial evidence to sustain such finding. Vincent v. Means, 207 Mo. 713; Irwin v. Woodmansee, 104 Mo. 407; Handlan v. McManus, 100 Mo. 124.

STATEMENT.—This was an action for damages for an alleged breach of the covenants of warranty contained in a certain general warranty deed whereby appellant conveyed to respondent, a married woman, lots 24, 25 and 26 in Chase & Slawson's addition to the city of Carthage, in Jasper county, Missouri, for a consideration of $3000.

It is admitted that the plat book shows the lots in question to be fifty feet wide, east and west, and one hundred and seventy-eight feet long, north and south. The deed made no reference to the plat or map, designated no quantity of land contained in the lots, and made no mention of the width or depth of said lots, other than the description in the deed which was as follows: ". . . the following described lots, tracts or parcels of land, lying, being and situate in the county of Jasper and State of Missouri, to-wit: Lots

24, 25 and 26 in Chase & Slawson's addition to Carthage."

There were no boundaries or monuments visible and none were ever pointed out to the respondent before the deed passed: After she had purchased the lots, she found on a survey that a small strip on the west side of lot 24 was in the possession of one Willis Wallingford, the adjoining owner, which fact was unknown to her before she bought the lots. Litigation as instituted and prosecuted by her against Wallingford, which after three trials resulted in a judgment for Wallingford, adjudging the title in him of this small strip in question, which judgment was introduced in evidence in this case. From his own testimony in this case it appears that defendant herein was a witness in the three trials between plaintiffs and Wallingford. Defendant's deed to plaintiff followed the same form as that whereby defendant acquired title to the lots, and there is no evidence of any fraud or misrepresentation made by the defendant to the plaintiff.

The plaintiff seeks to recover from the defendant the value of the strip of land on the covenant of warranty contained in her deed, and for the costs, expenses and attorneys' fees paid out by her in the Wallingford suit.

The answer of the defendant was a general denial.

A jury being waived, the case was submitted to the court for trial, and judgment was rendered for plaintiff in the sum of $196.50. At the close of the plaintiff's case defendant tendered a demurrer to the evidence which was overruled. No declarations of law were asked or given by the court.

OPINION.

FARRINGTON, J. (after stating the facts).— Error is assigned in the refusal of the trial court to

sustain defendant's demurrer to the evidence. A sufficient answer is that defendant waived his demurrer by introducing his evidence instead of standing on the demurrer or again presenting it at the close of all the evidence. [Lohnes v. Baker, 156 Mo. App. 397, 137 S. W. 282; Tremain v. Dyott, 161 Mo. App. 217, 142 S. W. 760.]

The important contentions made by appellant are: (1) . That under the facts the plaintiff is not entitled to the finding of the court and the judgment rendered, for the reason there was no breach of the covenant of warranty. (2) That as to the attorneys' fees and costs of the litigation growing out of the Wallingford case this defendant could not be held because of the failure of the plaintiff to give notice. And in this connection it is urged that the trial court committed error in allowing the plaintiff's husband to testify concerning a conversation he had with the defendant after plaintiff found that Wallingford was in possession of the strip off of lot 24.

The real contention to be decided is whether—in the absence of anything in the deed as to the quantity of land conveyed, and with no mention of any monuments, and there being no evidence offered at the trial of any monuments having been shown to plaintiff—she can recover on the covenants of warranty for the strip Wallingford obtained (which, in fact, is a part of lot 24, as platted), where the deed conveyed by lot number only, and where there is no question about the title and possession of the balance of the lot which she received by the deed and of which she is now, in unquestioned possession under said conveyance.

Under our view of the law, such an action will lie.

In the case of Adkins v. Tomlinson, 121 Mo. 487, 26 S. W. 573, the title to a small strip of a certain lot described in a warranty deed had failed

and the Supreme Court held that when the grantor is not, at the time of making his deed, in possession of part of the property described therein, and has no title thereto, his covenant of indefeasible seisin is broken as soon as made and the measure of damages for the breach of such covenant is the purchase price of said part, with interest from the date of the deed. [See, also, Murphy v. Price, 48 Mo. 247; Falk v. Organ, 160 Mo. App. 218, 141 S. W. 1; Frank v. Organ, 167 Mo. App. 493, 151 S. W. 504.]

There is a breach of the warranty of seisin when the deed is made; hence the measure of damages is the purchase price.

Another controlling principle in this case is that in the absence of monuments, where a lot is deeded by a certain number, which number is one of a legally platted addition to a city, the grantee has a right to rely on getting the full amount of land called for in the recorded plat or map. [Rutherford v. Tracy, 48 Mo. 325; Dolde v. Vodicka, 49 Mo. 98; McKinney v. Doane, 155 Mo. 287, 297, 56 S. W. 304; Whitehead v. Atchison, 136 Mo. 485, 497, 37 S. W. 928.

The deed to the plaintiff in this case conveyed by lot number only. There were no monuments pointed out to her. The plat of the addition shows that lot 24 is fifty feet in width and one hundred and seventy-eight feet in length. She in fact obtained title and possession to all of lot 24 except a strip on the west side, six inches wide at one end and eighteen inches wide at the other. She brought suit against Wallingford to recover this strip which was in fact a part of lot 24. The court in that case, having jurisdiction of the parties and the subject-matter of the action, found that plaintiff by virtue of her deed had no title or right of possession to the strip, and adjudged the title thereto to be in Wallingford.

There can be no question about plaintiff's right to recover from her covenant or the value of that part of

the lot, her recovery to be based on the price she paid for the entire lot. There being no mention as to quantity in the deed—as was said in Wood v. Murphy, 47 Mo. App. 539—plaintiff must take the risk of getting only what lot 24 contained, and that, according to the plat, was fifty feet. The case of Adkins v. Quest, 79 Mo. App. 36, and other cases cited by appellant do not control here for the reason that they dealt with questions where quantity is held merely descriptive, and they hold that in the absence of fraud, had the deed in this case conveyed "Lot 24 in Chase & Slawson's addition to Carthage," followed by "the same being sixty feet, east and west, by one hundred and seventy-eight feet, north and south," the covenant would cover only what lot 24 actually contained, and the quantity mentioned would be held to have been merely descriptive. This rule, to be just, must work both ways; so that the grantee has a cause of action to recover damages for all that part of lot 24 which she did not acquire by the deed, and there being no declarations of law asked or given, this court has no doubt that the learned trial judge correctly arrived at the value of the strip of ground at the time when the deed was made, and allowed six per cent interest on that sum— which is the measure of damages where there is a breach of the covenant of seisin.

We now confront the question as to the sufficiency of the notice given the defendant.

Our view of the law is that in order to hold the covenantor on his warranty to defend, the covenantee must not only give him plain and explicit notice of the alleged default in the title that his deed purported to convey, but that said notice must amount practically to an invitation or demand to come forward and assume control of the litigation which is to be begun either by the covenantee to defend or by the covenantee to prosecute in order to obtain ownership and possession of what the deed calls for. This rule prob-

ably goes farther than that stated in the cases cited in appellant's brief, which renders a discussion of them unnecessary. In applying the rule to the case in hand, there being no written notice given, we have only to examine the testimony of the parties to the action, the plaintiff's husband, and the plaintiff's attorney. We find nothing in the testimony of plaintiff's attorney—who first called on defendant— from which defendant could be held, as the attorney says the purpose of that visit was to get information about the lines. His testimony does show, however, that from that time on defendant did know there was some trouble between plaintiff and Wallingford, and that plaintiff's claim was based on this warranty deed, and that defendant was told if Wallingford did have title he (the defendant) would be expected to make good his warranty; and this was known to him a month before any suit was brought. Possibly this, standing alone, would not be sufficient. The plaintiff says that before instituting suit against Wallingford she went to the defendant herein and told him of the shortage of the strip in lot 24 and "asked him if he would defend the title to that, and asked him what he would do about it and that it wasn't as he said it was;" that on asking defendant whether he would defend the title, he refused to say whether he would or not. On the cross-examination of defendant, the following question was asked concerning a conversation defendant had with Mr. Bailey, an attorney, before the last suit against Wallingford was brought: "Didn't I tell you they would expect you to respond to them in damages for any amount they might sustain?" His answer was, "I thought you were joking." The record further shows that before the Wallingford litigation was instituted, the plaintiff, who was ill at the time, requested her husband to interview the defendant herein relative to the strip of ground; that this was the only time he had ever acted for his wife in this connection;

that he saw the defendant and notified him of the trouble concerning lot 24. The husband testified at the trial that defendant when asked what he would do about it gave an unsatisfactory answer and treated it as a joke, and that he (the witness) then said: "Mr. Dreisbach, my wife bought this property from you and she expects you to defend the title. If you don't do it, we will have to bring suit against Mr. Wallingford." And the husband testified that defendant's reply to this was, "Well, go ahead and bring suit." We think this shows sufficient notice to the defendant of the claim of Wallingford, which claim afterward ripened into a judgment in his favor, as well as throwing open to him the privilege of getting the matter straightened out for himself. Defendant had sufficient notice to move a reasonably prudent man to take some action if he cared to, and as he did not do so, he cannot now be heard to complain.

The appellant assigns as error the action of the trial court in permitting the husband of plaintiff to testify. As we have quoted in the opinion some of the conversation of the husband with the defendant it will be necessary to consider this point.

The testimony of the husband was material only as to the character of notice given the defendant on which was undoubtedly based plaintiff's right to recover costs and attorneys' fees in the Wallingford litigation. The plaintiff, in order to recover such items, must either have given such notice herself, or have had someone act for her, and it must have been done before the suit was instituted, or at least in time to have given the defendant herein a chance to protect himself if he so desired.

That a husband may establish his own agency when acting for his wife in a given matter is unquestioned in this State since the holding to that effect in Leete v. State Bank of St. Louis, 115 Mo. 184,

Jeffords v. Dreisbach.

204, 21 S. W. 788; Close v. Hurst, 151 Mo. App. 75, 131 S. W. 751.

The very foundation of plaintiff's cause of action, so far as costs and attorneys' fees are concerned was the giving of sufficient notice to the defendant, as was held in the case of Gardner v. Railroad, 124 Mo. App. 461, 464, 101 S. W. 684. "If the cause of action," said the court in that case, "had arisen from some business affair between him and the defendant in which he represented his wife, he would have been competent to testify regarding the affair."

The testimony of the husband here is that before the suit was brought against Wallingford, he at the request of his wife, who at the time was ill, went out and had an interview with defendant concerning the trouble over this strip of ground; that in such interview, he was there representing his wife.

As the very basis of a part of the measure of plaintiff's damages was whether she gave certain notice, where the husband, being sent to represent the wife, gave the notice, he certainly should be permitted to testify concerning his acts with reference to what he did in the representative capacity.

All the objections to the judgment and trial which were raised by the appellant having been considered and deemed by the court of insufficient weight to require interference with the action of the trial court, the judgment is affirmed. All concur.